APPEAL,HSD,TYPE–C

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:19–cv–01192–EGS</u>
### *Internal Use Only*

GIFFORDS v. FEDERAL ELECTION COMMISSION

Assigned to: Judge Emmet G. Sullivan

 Case:  1:21–cv–02887–LLA

Cause: 02:437 Federal Election Commission

Date Filed: 04/24/2019

Jury Demand: None

Nature of Suit: 890 Other Statutory Actions

Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

**GIFFORDS**

represented by **Daniel Spector Lenz**
CAMPAIGN LEGAL CENTER
1101 14th Street, NW
Suite 400
Washington, DC 20005
202–266–5156
Email: <u>dlenz@campaignlegalcenter.org</u>
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**J. Adam Skaggs**
GIFFORDS LAW CENTER TO
PREVENT GUN VIOLENCE
223 West 38th Street #90
New York, NY 10018
(917) 680–3473
Fax: (415)433–3357
Email: <u>askaggs@giffords.org</u>
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin P. Hancock**
CAMPAIGN LEGAL CENTER
1101 14th Street NW
Suite 400
Washington, DC 20005
202–736–2200
Fax: 202–736–2222
Email: <u>khancock@campaignlegalcenter.org</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
CAMPAIGN LEGAL CENTER
1101 14th Street, NW

Suite 400
Washington, DC 20005
(202) 736–2202
Fax: (202) 736–2222
Email: mgaber@campaignlegalcenter.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Molly E. Danahy**
CAMPAIGN LEGAL CENTER
1101 14th Street, NW
Suite 400
Washington, DC 20005
(202) 736–2200
Fax: (202) 736–2222
Email: mdanahy@campaignlegal.org
*TERMINATED: 07/01/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Pucino**
GIFFORDS LAW CENTER TO
PREVENT GUN VIOLENCE
223 West 38th Street #90
New York, NY 10018
917–524–7816
Email: dpucino@giffords.org
*PRO HAC VICE*

**Adav Noti**
CAMPAIGN LEGAL CENTER
1101 14th Street, NW
Suite 400
Washington, DC 20005
(202) 736–2203
Fax: (202) 736–2222
Email: anoti@campaignlegalcenter.org
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| FEDERAL ELECTION COMMISSION | represented by | **Harry Jacobs Summers** |
|---|---|---|

FEDERAL ELECTION COMMISSION
1050 First Street, NE
Washington, DC 20463
(202) 694–1650
Fax: (202) 219–0260
Email: hsummers@fec.gov
*TERMINATED: 02/09/2024*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Haven G. Ward**
FEDERAL ELECTION COMMISSION
1050 First Street, NE
Washington, DC 20463
(202) 694–1625
Fax: (202) 219–3923
Email: hward@fec.gov
*TERMINATED: 04/01/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin A Deeley**
FEDERAL ELECTION COMMISSION
1050 First Street, NE
Washington, DC 20463
(202) 694–1556
Email: kevin.deeley@usdoj.gov
*TERMINATED: 02/09/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Dana Contino**
FEDERAL ELECTION COMMISSION
1050 First Street, NE
Washington, DC 20463
202–694–1650
Email: mcontino@fec.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin A. Streeter , III**
FEDERAL ELECTION COMMISSION
1050 First Street, NE
Washington, DC 20463
(202) 694–1650
Fax: (202) 219–0260
Email: bstreeter@fec.gov
*TERMINATED: 12/20/2019*

**Seth E. Nesin**
FEDERAL ELECTION COMMISSION
1050 First Street, NE
Washington, DC 20463
(202) 694–1528
Fax: (202) 219–0260
Email: snesin@fec.gov
*TERMINATED: 08/17/2021*

**Intervenor**

represented by

**NATIONAL RIFLE ASSOCIATION**
**OF AMERICA**

**Charles Robert Spies**
DICKINSON WRIGHT PLLC
1825 Eye Street, NW
Suite 900
Washington, DC 20006
202–466–5964
Email: cspies@dickinsonwright.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Avers**
DICKINSON WRIGHT PLLC
350 S. Main Street
Suite 300
Ann Arbor, MI 48104
734–623–1672
Fax: 734–623–1625
Email: ravers@dickinsonwright.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor**

**NATIONAL RIFLE ASSOCIATION**
**OF AMERICA POLITICAL**
**VICTORY FUND**

represented by **Charles Robert Spies**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Avers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/24/2019 | 1 | COMPLAINT against FEDERAL ELECTION COMMISSION ( Filing fee $ 400 receipt number 0090–6080356) filed by GIFFORDS. (Attachments: # 1 Civil Cover Sheet, # 2 Summons (as to Federal Election Commission), # 3 Summons (as to Attorney General), # 4 Summons (as to U.S. Attorney))(Noti, Adav) (Entered: 04/24/2019) |
| 04/24/2019 | 2 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by GIFFORDS (Noti, Adav) (Entered: 04/24/2019) |
| 04/24/2019 | 3 | NOTICE of Appearance by Mark P. Gaber on behalf of GIFFORDS (Gaber, Mark) (Entered: 04/24/2019) |
| 04/24/2019 | 4 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Molly E. Danahy, :Firm– Campaign Legal Center, :Address– 1101 14th St. NW, Ste. 400. Phone No. – 202–736–2200. Fax No. – 202–736–2222 Filing fee $ 100, receipt number 0090–6080596. Fee Status: Fee Paid. by GIFFORDS (Attachments: # 1 Declaration (Molly E. Danahy), # 2 Text of Proposed Order)(Gaber, Mark) (Entered: 04/24/2019) |

| 04/24/2019 | 5 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– J. Adam Skaggs, :Firm– Giffords Law Center to Prevent Gun Violence, :Address– 223 West 38th St. #90, New York, NY 10018. Phone No. – 917–680–3473. Fax No. – 415–433–3357 Filing fee $ 100, receipt number 0090–6080606. Fee Status: Fee Paid. by GIFFORDS (Attachments: # 1 Declaration (J. Adam Skaggs), # 2 Text of Proposed Order)(Gaber, Mark) (Entered: 04/24/2019) |
|---|---|---|
| 04/24/2019 | 6 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– David Pucino, :Firm– Giffords Law Center to Prevent Gun Violence, :Address– 223 West 38th St. #90, New York, NY 10018. Phone No. – 917–524–7816. Fax No. – 415–433–3357 Filing fee $ 100, receipt number 0090–6080607. Fee Status: Fee Paid. by GIFFORDS (Attachments: # 1 Declaration (David Pucino), # 2 Text of Proposed Order)(Gaber, Mark) (Entered: 04/24/2019) |
| 04/25/2019 | | Case Assigned to Judge Emmet G. Sullivan. (zef, ) (Entered: 04/25/2019) |
| 04/25/2019 | 7 | SUMMONS (3) Issued Electronically as to FEDERAL ELECTION COMMISSION, U.S. Attorney and U.S. Attorney General. (Attachments: # 1 Notice and Consent)(zef, ) (Entered: 04/25/2019) |
| 04/26/2019 | | MINUTE ORDER granting 4 Motion for Leave to Appear Pro Hac Vice. The Court hereby grants attorney Molly Elizabeth Danahy pro hac vice admission to this Court pursuant to Local Civil Rule 83.2. Signed by Judge Emmet G. Sullivan on 4/26/2019. (lcegs3) (Entered: 04/26/2019) |
| 04/26/2019 | | MINUTE ORDER granting 5 Motion for Leave to Appear Pro Hac Vice. The Court hereby grants attorney John Adam Skaggs pro hac vice admission to this Court pursuant to Local Civil Rule 83.2. Signed by Judge Emmet G. Sullivan on 4/26/2019. (lcegs3) (Entered: 04/26/2019) |
| 04/26/2019 | | MINUTE ORDER granting 6 Motion for Leave to Appear Pro Hac Vice. The Court hereby grants attorney David Michael Pucino pro hac vice admission to this Court pursuant to Local Civil Rule 83.2. Signed by Judge Emmet G. Sullivan on 4/26/2019. (lcegs3) (Entered: 04/26/2019) |
| 05/02/2019 | 8 | STANDING ORDER: The parties are directed to read the attached Standing Order Governing Civil Cases Before Judge Emmet G. Sullivan in its entirety upon receipt. The parties are hereby ORDERED to comply with the directives in the attached Standing Order. Signed by Judge Emmet G. Sullivan on 05/02/19. (Attachment: Exhibit 1) (mac) (Entered: 05/02/2019) |
| 05/02/2019 | 9 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. FEDERAL ELECTION COMMISSION served on 4/29/2019 (Gaber, Mark) (Entered: 05/02/2019) |
| 05/02/2019 | 10 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 4/30/2019. (Gaber, Mark) (Entered: 05/02/2019) |
| 05/02/2019 | 11 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 4/30/2019. Answer due for ALL FEDERAL DEFENDANTS by 6/29/2019. (Gaber, Mark) (Entered: 05/02/2019) |
| 06/20/2019 | 12 | NOTICE of Appearance by Benjamin A. Streeter, III on behalf of FEDERAL ELECTION COMMISSION (Streeter, Benjamin) (Entered: 06/20/2019) |

| 06/20/2019 | 13 | NOTICE of Appearance by Kevin Deeley on behalf of FEDERAL ELECTION COMMISSION (Deeley, Kevin) (Entered: 06/20/2019) |
|---|---|---|
| 06/20/2019 | 14 | NOTICE of Appearance by Harry Jacobs Summers on behalf of FEDERAL ELECTION COMMISSION (Summers, Harry) (Entered: 06/20/2019) |
| 06/20/2019 | 15 | ENTERED IN ERROR.....Unopposed MOTION for Protective Order by FEDERAL ELECTION COMMISSION (Streeter, Benjamin) Modified on 6/21/2019 (jf). (Entered: 06/20/2019) |
| 06/20/2019 | 16 | Unopposed MOTION for Protective Order by FEDERAL ELECTION COMMISSION (Attachments: # 1 Text of Proposed Order)(Streeter, Benjamin) (Entered: 06/20/2019) |
| 06/21/2019 | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 15 Unopposed MOTION for Protective Order was entered in error as a duplicate filing to entry 16 (jf) (Entered: 06/21/2019) |
| 06/21/2019 | | MINUTE ORDER granting 16 Unopposed Motion for Protective Order. The terms presented in the proposed Protective Order are hereby incorporated by reference into this Minute Order. Signed by Judge Emmet G. Sullivan on 6/21/2019. (lcegs3) (Entered: 06/21/2019) |
| 07/01/2019 | 17 | SEALED MOTION filed by FEDERAL ELECTION COMMISSION (Attachments: # 1 Statement of Facts, # 2 Declaration, # 3 Declaration, # 4 Declaration, # 5 Declaration)(Streeter, Benjamin) (Entered: 07/01/2019) |
| 07/02/2019 | 18 | ENTERED IN ERROR. . . . . MOTION to Dismiss *or in the alternative*, MOTION for Summary Judgment by FEDERAL ELECTION COMMISSION (Attachments: # 1 Statement of Facts, # 2 Declaration, # 3 Declaration, # 4 Declaration, # 5 Declaration)(Streeter, Benjamin) Modified to SEAL at the request of counsel on 7/2/2019 (ztd). (Entered: 07/02/2019) |
| 07/02/2019 | | NOTICE OF CORRECTED DOCKET ENTRY: re 18 MOTION to Dismiss *or in the alternative* MOTION for Summary Judgment was entered in error per counsel. Not properly redacted. (zsb) (Entered: 07/02/2019) |
| 07/02/2019 | 19 | MOTION to Dismiss *or in the alternative*, MOTION for Summary Judgment by FEDERAL ELECTION COMMISSION (Attachments: # 1 Statement of Facts, # 2 Declaration, # 3 Declaration, # 4 Declaration, # 5 Declaration)(Streeter, Benjamin) (Entered: 07/02/2019) |
| 07/02/2019 | | MINUTE ORDER denying without prejudice 17 Sealed Motion due to Defendant's failure to comply with Local Civil Rule 5.1(h). All pleadings and memoranda purporting to reproduce or paraphrase confidential information and material subject to 52 U.S.C. § 30109(a)(12)(A) shall be filed in accordance with the Court's Local Civil Rules for filing documents under seal. Defendant must seek leave of the Court to file under seal the motion. See, e.g., LCvR 5.1(h) ("A document filed with the intention of it being sealed in an otherwise public case... shall be accompanied by a motion to seal."); Econ. Research Servs., Inc. v. Resolution Econ., LLC, 208 F. Supp. 3d 219, 230 n.10 (D.D.C. 2016) ("To the extent [a party] desires material information in a filing to be redacted from the public record, it should seek... leave from the Court to file the document under seal."). Signed by Judge Emmet G. Sullivan on 7/2/2019. (lcegs3) (Entered: 07/02/2019) |
| 07/10/2019 | 20 | |

| | | MOTION for Reconsideration *of the Denial of Its Dispositive Motion Containing Confidential Material, or in the Alternative*, MOTION for Leave to File *Under Seal* by FEDERAL ELECTION COMMISSION (Summers, Harry) (Entered: 07/10/2019) |
|---|---|---|
| 07/11/2019 | 21 | RESPONSE re 20 MOTION for Reconsideration *of the Denial of Its Dispositive Motion Containing Confidential Material, or in the Alternative* MOTION for Leave to File *Under Seal* filed by GIFFORDS. (Noti, Adav) (Entered: 07/11/2019) |
| 07/16/2019 | 22 | Memorandum in opposition to re 19 MOTION to Dismiss *or in the alternative* MOTION for Summary Judgment filed by GIFFORDS. (Attachments: # 1 Text of Proposed Order)(Noti, Adav) (Entered: 07/16/2019) |
| 07/18/2019 | | MINUTE ORDER denying 20 Defendant's Motion for Reconsideration of the Denial of Its Dispositive Motion Containing Confidential Material, or in the Alternative, Motion for Leave to File Under Seal. Under Federal Rule of Civil Procedure 54(b), a non−final order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties... may be revised at any time before" the Court enters a final judgment. Fed. R. Civ. P. 54(b). The standard for determining whether or not to grant a motion for reconsideration brought under Rule 54(b) is the "as justice requires" standard. Judicial Watch v. Dep't of Army, 466 F. Supp. 2d 112, 123 (D.D.C. 2006). The considerations that the Court may take into account under this standard include "whether the court patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred." In Def. of Animals v. Nat'l Insts. of Health, 543 F. Supp. 2d 70, 75 (D.D.C. 2008) (internal quotation marks omitted). The party moving to reconsider has the burden of demonstrating "that some harm, legal or at least tangible, would flow from a denial of reconsideration." Id. at 76 (quoting Cobell v. Norton, 355 F. Supp. 2d 531, 540 (D.D.C. 2005)). On July 2, 2019, the Court denied without prejudice Defendant's sealed motion because Defendant did not comply with Local Civil Rule 5.1(h), which requires a party to seek leave of the Court to file documents under seal. Defendant seeks reconsideration of the Court's Minute Order of July 2, 2019. Defendant has not met its burden of demonstrating that the circumstances to justify reconsideration are present here. Defendant has failed to show that any harm would flow from the denial of reconsideration. The Court cannot find that Defendant will be harmed by complying with the Local Civil Rules that govern the proceedings in this District. The Court therefore denies Defendant's motion for reconsideration. It is FURTHER ORDERED that the parties shall submit a joint proposed briefing schedule by no later than July 25, 2019. Signed by Judge Emmet G. Sullivan on 7/18/2019. (lcegs3) (Entered: 07/18/2019) |
| 07/18/2019 | | Set/Reset Deadlines: Joint Proposed Briefing Schedule due by 7/25/2019. (mac) (Entered: 07/18/2019) |
| 07/23/2019 | 23 | REPLY to opposition to motion re 19 MOTION to Dismiss *or in the alternative* MOTION for Summary Judgment filed by FEDERAL ELECTION COMMISSION. (Streeter, Benjamin) (Entered: 07/23/2019) |
| 07/24/2019 | 24 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by FEDERAL ELECTION COMMISSION (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Motion to Dismiss or in the Alternative for Summary Judgment, # 2 Declaration, # 3 Declaration, # 4 Declaration, # 5 Declaration, # 6 Statement of Facts, # 7 Certificate of Service)(Streeter, Benjamin) (Entered: 07/24/2019) |

| 07/25/2019 | 25 | PROPOSED BRIEFING SCHEDULE *(Joint)* by GIFFORDS. (Noti, Adav) (Entered: 07/25/2019) |
|---|---|---|
| 07/25/2019 | | MINUTE ORDER granting 24 Sealed Motion for Leave to File Document Under Seal. Upon consideration of the parties' 25 Proposed Briefing Schedule that states Plaintiff intends to file a motion seeking discovery pursuant to Federal Rule of Civil Procedure 56(d) ("Rule 56(d) Motion") concerning topics raised in 19 Defendant's Motion to Dismiss or in the Alternative for Summary Judgment, the parties shall adhere to the following briefing schedule: (1) Plaintiff shall file its Rule 56(d) Motion by no later than August 7, 2019; (2) Defendant shall file its opposition to Plaintiff's Rule 56(d) Motion by no later than September 3, 2019; and (3) Plaintiff shall file its reply brief by no later than September 10, 2019. The Court hereby holds in abeyance Defendant's motion for summary judgment, and grants the parties' request to stay further briefing on Defendant's motion for summary judgment until the Court's resolution of Plaintiff's forthcoming Rule 56(d) motion. See Furniture Brands Int'l Inc. v. U.S. Int'l Trade Comm'n, No. 11–202, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011). Signed by Judge Emmet G. Sullivan on 7/25/2019. (lcegs3) (Entered: 07/25/2019) |
| 07/25/2019 | 26 | SEALED MOTION to Dismiss or in the Alternative for Summary Judgment filed by FEDERAL ELECTION COMMISSION. (This document is SEALED and only available to authorized persons.)(zjf) (Entered: 07/31/2019) |
| 07/26/2019 | | Set/Reset Deadlines: Plaintiff Rule 56(d) Motion due by 8/7/2019. Defendant Opposition To Plaintiff's Rule 56(d) Motion due by 9/3/2019. Plaintiff Reply Brief due by 9/10/2019. (mac) (Entered: 07/26/2019) |
| 08/07/2019 | 27 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by GIFFORDS (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Motion for Discovery Under Rule 56(d), # 2 Declaration)(Noti, Adav) (Entered: 08/07/2019) |
| 08/08/2019 | | MINUTE ORDER granting 27 Sealed Motion for Leave to File Document Under Seal. However, there is a strong presumption in favor of public access to judicial records. See, e.g., Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). Given this presumption and the ease with which confidential and proprietary information may be redacted from documents before they are filed publicly, Plaintiff is directed to file redacted versions of the documents on the public docket within five business days of this Order. Plaintiff is cautioned that redactions shall be made solely to the extent necessary to preserve the confidential or proprietary nature of the relevant information. Signed by Judge Emmet G. Sullivan on 8/8/2019. (lcegs3) (Entered: 08/08/2019) |
| 08/08/2019 | 28 | MOTION for Discovery *(Redacted)* by GIFFORDS (Attachments: # 1 Declaration (Adav Noti))(Noti, Adav) (Entered: 08/08/2019) |
| 08/08/2019 | 29 | SEALED MOTION for Discovery Under Rule 56(d) filed by GIFFORDS. (This document is SEALED and only available to authorized persons.)(zjf) (Additional attachment(s) added on 9/25/2019: # 1 Declaration) (zjf). (Entered: 08/12/2019) |
| 09/03/2019 | 30 | SEALED OPPOSITION filed by FEDERAL ELECTION COMMISSION. re 29 SEALED MOTION filed by GIFFORDS. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in |

| | | |
|---|---|---|
| | | Support)(Streeter, Benjamin) (Entered: 09/03/2019) |
| 09/03/2019 | 31 | Memorandum in opposition to re 28 MOTION for Discovery *(Redacted) Under Rule 56(d) REDACTED* filed by FEDERAL ELECTION COMMISSION. (Streeter, Benjamin) (Entered: 09/03/2019) |
| 09/10/2019 | 32 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by GIFFORDS (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Reply Brief)(Noti, Adav) (Entered: 09/10/2019) |
| 09/11/2019 | | MINUTE ORDER granting 32 Sealed Motion for Leave to File Document Under Seal. In accordance with the Minute Order of August 8, 2019, Plaintiff shall file a redacted version of the sealed document on the public docket within five business days of this Order. Signed by Judge Emmet G. Sullivan on 9/11/2019. (lcegs3) (Entered: 09/11/2019) |
| 09/11/2019 | 34 | SEALED REPLY TO OPPOSITION filed by GIFFORDS re 28 MOTION for Discovery *(Redacted)* (This document is SEALED and only available to authorized persons.)(znmw) (Entered: 09/23/2019) |
| 09/13/2019 | 33 | REPLY to opposition to motion re 28 MOTION for Discovery *(Redacted) (Redacted Reply Brief)* filed by GIFFORDS. (Noti, Adav) (Entered: 09/13/2019) |
| 09/25/2019 | | *UN–SEALED* MINUTE ORDER denying without prejudice 19 Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment; denying without prejudice 26 Defendant's Sealed Motion to Dismiss, or in the alternative, Motion for Summary Judgment; granting 28 Plaintiff's Motion for Discovery Under Rule 56(d); granting 29 Plaintiff's Sealed Motion for Discovery Under Rule 56(d). As an initial matter, "summary judgment is premature unless all parties have 'had a full opportunity to conduct discovery.'" Convertino v. U.S. Dept. of Justice, 684 F.3d 93, 99 (D.C. Cir. 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986)). Under Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Plaintiff bears the burden of showing that it is entitled to discovery under Rule 56(d). See Dinkel v. Medstar Health, Inc., 286 F.R.D. 28, 31 (D.D.C. 2012). "The decision whether to grant or deny relief under Rule 56(d) is entrusted to the Court's discretion," id., but "[a] Rule 56[d] motion requesting time for additional discovery should be granted almost as a matter of course unless the non–moving party has not diligently pursued discovery of the evidence[,]" Convertino, 684 F.3d at 99 (citation and internal quotation marks omitted). The D.C. Circuit has outlined three criteria that a Rule 56(d) declaration must satisfy: (1) "it must outline the particular facts [the non–movant] intends to discover and describe why those facts are necessary to the litigation," id. at 99; (2) "it must explain why [the non–movant] could not produce the facts in opposition to the motion for summary judgment," id. at 99–100 (citation and internal quotation marks omitted); and (3) "it must show the information is in fact discoverable," id. at 100. Before turning to the Convertino inquiry, the Court need not spill much ink on Defendant's attempts to analogize this case to an "administrative review case" or a FOIA case. See Def.'s Opp'n, ECF No. 30–1 at 11–17. It is undisputed that this case is one concerning agency inaction because Plaintiff challenges Defendant's failure to act on four administrative complaints filed in 2018. See id. at 7; see also Pl.'s Reply, ECF No. 34 at 1–2, 5 n.9. "[I]f an agency fails to act, |

| | | |
|---|---|---|
| | | there is no 'administrative record' for a federal court to review." See Nat'l Law Ctr. on Homelessness & Poverty v. U.S. Dep't of Veterans Affairs, 842 F. Supp. 2d 127, 130 (D.D.C. 2012) (citation omitted). Defendant fails to cite any D.C. Circuit precedent that supports the proposition that a district court must only consider an agency's sworn chronology in deciding a motion for summary judgment in an inaction case. See Def.'s Opp'n, ECF No. 30–1 at 14. Plaintiff correctly notes that "[t]here is no rule against discovery in actions challenging the FEC's failure to act under [52 U.S.C.] § 30109(a)(8), nor a presumption that a voluntary declaration offered by the agency constitutes sufficient basis for judicial review." Pl.'s Reply, ECF No. 34 at 8. Indeed, this Court and other courts in this jurisdiction have permitted discovery in cases challenging the FEC's failure to act under Section 30109(a)(8). See, e.g., Scheduling Order, Lieu v. FEC, Civil Action No. 16–2201 (D.D.C. Mar. 22, 2017) (Sullivan, J.), ECF No. 16 at 2–3; Alliance for Democracy v. FEC, Civil Action No. 2–0527 (D.D.C. 2002) (Sullivan, J.), ECF No. 10 at 1–2. That being said, Plaintiff's declaration meets all three of the Convertino factors. See Noti Decl., ECF No. 29–1 at 2–4 para. 4. Plaintiff satisfies the first criterion by explaining that it seeks discovery in the following three specific areas: (1) the agency's justification, if any, for its delay to act on Plaintiff's administrative complaints since the date that the Commission received the First General Counsel's Report, id. at 2 para. 4(a); (2) whether the agency's cited statistics as to its workload show that the delay on the underlying matters was reasonable, id. at 3 para. 4(b); and (3) the impact of the government shutdown on the agency's ability to take actions on Plaintiff's administrative complaints, id. at 4 para. 4(c). These three specific facts are both necessary and essential to proving or disproving Plaintiff's claim that Defendant unreasonably failed to act on the administrative complaints. Plaintiff satisfies the second criterion because the parties do not dispute that Plaintiff has not had any opportunity to conduct discovery. See Craig v. Lew, 109 F. Supp. 3d 268, 280 (D.D.C. 2015) (finding that plaintiff met the second factor because he did not have an opportunity to take discovery). And the failure of the parties to engage in discovery was not attributable to Plaintiff's lack of diligence. See Pl.'s Mot., ECF No. 29 at 2. Plaintiff satisfies the third criterion because the documents and witnesses are in Defendant's exclusive control. See Craig, 109 F. Supp. 3d at 280. Contrary to Defendant's suggestion that Plaintiff intends to subject the Office of General Counsel and the Commissioners to examination through discovery, see Def.'s Opp'n, ECF No. 30–1 at 23, Plaintiff seeks to take the deposition of the declarant or Defendant's representative with knowledge about Plaintiff's three specific areas, see Pl.'s Reply, ECF No. 34 at 8–9. The Court therefore finds that Plaintiff shall be allowed to take limited discovery concerning Defendant's motion because Plaintiff has made the requisite showing to obtain relief under Rule 56(d). Accordingly, the Court DENIES WITHOUT PREJUDICE Defendant's motion. Defendant may renew its motion after the completion of limited discovery in this matter. It is FURTHER ORDERED that the parties shall jointly file under seal any proposed redactions to this Minute Order by no later than 12:00 PM on October 9, 2019. It is FURTHER ORDERED that the parties shall jointly submit a proposed discovery plan by no later than 12:00 PM on October 16, 2019. Signed by Judge Emmet G. Sullivan on 9/25/2019. (lcegs3) Modified on 12/28/2021 (zjf). (Entered: 09/25/2019) |
| 09/26/2019 | | Set/Reset Deadlines: Parties To File Jointly Under Seal Any Proposed Redactions To The Minute Order Filed due no later than 12:00PM on 10/09/2019. Parties Joint Discovery Plan due no later than 12:00PM on 10/16/2019. (mac) (Entered: 09/26/2019) |

| 10/09/2019 | 35 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by FEDERAL ELECTION COMMISSION (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Notice and Consent, # 2 Text of Proposed Order )(Streeter, Benjamin) (Entered: 10/09/2019) |
|---|---|---|
| 10/09/2019 | | MINUTE ORDER granting 35 Unopposed Motion for Leave to File Under Seal the Joint Proposed Redactions to the Sealed Minute Order Dated September 25, 2019. Signed by Judge Emmet G. Sullivan on 10/9/2019. (lcegs3) (Entered: 10/09/2019) |
| 10/09/2019 | | MINUTE ORDER denying without prejudice 19 Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment; denying without prejudice 26 Defendant's Sealed Motion to Dismiss, or in the alternative, Motion for Summary Judgment; granting 28 Plaintiff's Motion for Discovery Under Rule 56(d); granting 29 Plaintiff's Sealed Motion for Discovery Under Rule 56(d). As an initial matter, "summary judgment is premature unless all parties have 'had a full opportunity to conduct discovery.'" Convertino v. U.S. Dept. of Justice, 684 F.3d 93, 99 (D.C. Cir. 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986)). Under Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Plaintiff bears the burden of showing that it is entitled to discovery under Rule 56(d). See Dinkel v. Medstar Health, Inc., 286 F.R.D. 28, 31 (D.D.C. 2012). "The decision whether to grant or deny relief under Rule 56(d) is entrusted to the Court's discretion," id., but "[a] Rule 56[d] motion requesting time for additional discovery should be granted almost as a matter of course unless the non−moving party has not diligently pursued discovery of the evidence[,]" Convertino, 684 F.3d at 99 (citation and internal quotation marks omitted). The D.C. Circuit has outlined three criteria that a Rule 56(d) declaration must satisfy: (1) "it must outline the particular facts [the non−movant] intends to discover and describe why those facts are necessary to the litigation," id. at 99; (2) "it must explain why [the non−movant] could not produce the facts in opposition to the motion for summary judgment," id. at 99−100 (citation and internal quotation marks omitted); and (3) "it must show the information is in fact discoverable," id. at 100. Before turning to the Convertino inquiry, the Court need not spill much ink on Defendant's attempts to analogize this case to an "administrative review case" or a FOIA case. See Def.'s Opp'n, ECF No. 30−1 at 11−17. It is undisputed that this case is one concerning agency inaction because Plaintiff challenges Defendant's failure to act on four administrative complaints filed in 2018. See id. at 7; see also Pl.'s Reply, ECF No. 34 at 1−2, 5 n.9. "[I]f an agency fails to act, there is no 'administrative record' for a federal court to review." See Nat'l Law Ctr. on Homelessness & Poverty v. U.S. Dep't of Veterans Affairs, 842 F. Supp. 2d 127, 130 (D.D.C. 2012) (citation omitted). Defendant fails to cite any D.C. Circuit precedent that supports the proposition that a district court must only consider an agency's sworn chronology in deciding a motion for summary judgment in an inaction case. See Def.'s Opp'n, ECF No. 30−1 at 14. Plaintiff correctly notes that "[t]here is no rule against discovery in actions challenging the FEC's failure to act under [52 U.S.C.] § 30109(a)(8), nor a presumption that a voluntary declaration offered by the agency constitutes sufficient basis for judicial review." Pl.'s Reply, ECF No. 34 at 8. Indeed, this Court and other courts in this jurisdiction have permitted discovery in cases challenging the FEC's failure to act under Section 30109(a)(8). See, e.g., Scheduling Order, Lieu v. FEC, Civil Action No. 16−2201 (D.D.C. Mar. 22, 2017) (Sullivan, J.), |

| | | |
|---|---|---|
| | | ECF No. 16 at 2–3; Alliance for Democracy v. FEC, Civil Action No. 2–0527 (D.D.C. 2002) (Sullivan, J.), ECF No. 10 at 1–2. That being said, Plaintiff's declaration meets all three of the Convertino factors. See Noti Decl., ECF No. 29–1 at 2–4 para. 4. Plaintiff satisfies the first criterion by explaining that it seeks discovery in the following three specific areas: (1) the agency's justification, if any [REDACTED]; (2) whether the agency's cited statistics as to its workload [REDACTED]; and (3) the impact of the government shutdown on the agency's ability to take actions on Plaintiff's administrative complaints, id. at 4 para. 4(c). These three specific facts are both necessary and essential to proving or disproving Plaintiff's claim that Defendant unreasonably failed to act on the administrative complaints. Plaintiff satisfies the second criterion because the parties do not dispute that Plaintiff has not had any opportunity to conduct discovery. See Craig v. Lew, 109 F. Supp. 3d 268, 280 (D.D.C. 2015) (finding that plaintiff met the second factor because he did not have an opportunity to take discovery). And the failure of the parties to engage in discovery was not attributable to Plaintiff's lack of diligence. See Pl.'s Mot., ECF No. 29 at 2. Plaintiff satisfies the third criterion because the documents and witnesses are in Defendant's exclusive control. See Craig, 109 F. Supp. 3d at 280. Contrary to Defendant's suggestion that Plaintiff intends to subject the Office of General Counsel and the Commissioners to examination through discovery, see Def.'s Opp'n, ECF No. 30–1 at 23, Plaintiff seeks to take the deposition of the declarant or Defendant's representative with knowledge about Plaintiff's three specific areas, see Pl.'s Reply, ECF No. 34 at 8–9. The Court therefore finds that Plaintiff shall be allowed to take limited discovery concerning Defendant's motion because Plaintiff has made the requisite showing to obtain relief under Rule 56(d). Accordingly, the Court DENIES WITHOUT PREJUDICE Defendant's motion. Defendant may renew its motion after the completion of limited discovery in this matter. It is FURTHER ORDERED that the parties shall jointly file under seal any proposed redactions to this Minute Order by no later than 12:00 PM on October 9, 2019. It is FURTHER ORDERED that the parties shall jointly submit a proposed discovery plan by no later than 12:00 PM on October 16, 2019. Signed by Judge Emmet G. Sullivan on 10/9/2019. (lcegs3) (Entered: 10/09/2019) |
| 10/09/2019 | | Set/Reset Deadlines: Parties To File Under Seal Any Proposed Redactions To The Minute Order Filed On 10/09/19 by no later than 12:00PM on 10/09/2019. Joint Proposed Discovery Plan due by 10/16/2019. (mac) (Entered: 10/09/2019) |
| 10/09/2019 | 37 | SEALED Notice filed by FEDERAL ELECTION COMMISSION. (This document is SEALED and only available to authorized persons.)(zjf) (Entered: 10/17/2019) |
| 10/16/2019 | 36 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by GIFFORDS (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Joint Discovery Plan)(Noti, Adav) (Entered: 10/16/2019) |
| 10/16/2019 | | MINUTE ORDER granting 36 Sealed Motion for Leave to File Document Under Seal. In accordance with the Court's Minute Order of August 8, 2019, the parties shall file a redacted version of the sealed document on the public docket within five business days of this Order. Signed by Judge Emmet G. Sullivan on 10/16/2019. (lcegs3) (Entered: 10/16/2019) |
| 10/16/2019 | 38 | SEALED Joint Discovery Plan filed by GIFFORDS. (This document is SEALED and only available to authorized persons.)(zjf) (Entered: 10/17/2019) |
| 10/17/2019 | 39 | Redacted Joint Discovery Plan by GIFFORDS. (Noti, Adav) (Entered: 10/17/2019) |

| 10/21/2019 | | MINUTE ORDER. In view of the <u>38</u> Joint Proposed Discovery Plan, Plaintiff may take the deposition of Defendant's designated representative pursuant to Federal Rule of Civil Procedure 30(b)(6) and the deposition of Defendant's declarant substantially for the reasons set forth in Plaintiff's proposal. The deposition of the declarant shall be limited to the declarant's personal knowledge with respect to the matters contained in the declaration in support of Defendant's motion for summary judgment. The deposition of the Rule 30(b)(6) representative shall be limited to the three areas specified in Plaintiff's declaration filed in support of its Rule 56(d) motion and included in the Court's Minute Order of October 9, 2019. The parties shall meet and confer regarding the deposition schedule. Unless otherwise stipulated or ordered by the Court, each deposition shall be limited to seven hours. See Fed. R. Civ. P. 30(d). All depositions shall be completed by no later than November 13, 2019. The parties shall file a joint status report by no later than November 20, 2019, proposing a briefing schedule for the dispositive motions or informing the Court whether further discovery, including interrogatories and/or requests for admission, will be necessary following the depositions. Signed by Judge Emmet G. Sullivan on 10/21/2019. (lcegs3) (Entered: 10/21/2019) |
| 10/22/2019 | | Set/Reset Deadlines: Joint Status Report due by 11/20/2019. (mac) (Entered: 10/22/2019) |
| 11/19/2019 | <u>40</u> | PROPOSED BRIEFING SCHEDULE *(Joint)* by GIFFORDS. (Noti, Adav) (Entered: 11/19/2019) |
| 11/20/2019 | | MINUTE ORDER adopting <u>40</u> Joint Proposed Briefing Schedule. The parties shall adhere to the following briefing schedule: (1) Defendant shall re−file its motion to dismiss or in the alternative for summary judgment by no later than December 6, 2019; (2) Plaintiff shall file its combined opposition brief to Defendant's motion and cross−motion for summary judgment by no later than December 20, 2019; (3) Defendant shall file its combined reply brief in support of its motion and opposition brief to Plaintiff's cross−motion for summary judgment by no later than January 10, 2020; and (4) Plaintiff shall file its reply brief in support of its cross−motion for summary judgment by no later than January 17, 2020. Signed by Judge Emmet G. Sullivan on 11/20/2019. (lcegs3) (Entered: 11/20/2019) |
| 11/21/2019 | | Set/Reset Deadlines: Defendant Motion To Dismiss Or In The Alternative For Summary Judgment due by 12/6/2019. Plaintiff Combined Opposition Brief To Defendant's Motion And Cross−Motion For Summary Judgment due by 12/20/2019. Defendant Combined Reply Brief In Support Of Its Motion And Opposition Brief To Plaintiff's Cross−Motion For Summary Judgment due by 01/10/2020. Plaintiff Reply Brief In Support Of Its Cross−Motion For Summary Judgment due by 01/17/2020. (mac) (Entered: 11/21/2019) |
| 12/06/2019 | <u>41</u> | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by FEDERAL ELECTION COMMISSION (This document is SEALED and only available to authorized persons.) (Attachments: # <u>1</u> Memorandum in Support, # <u>2</u> Statement of Facts, # <u>3</u> Affidavit, # <u>4</u> Affidavit, # <u>5</u> Affidavit, # <u>6</u> Affidavit, # <u>7</u> Certificate of Service)(Streeter, Benjamin) (Entered: 12/06/2019) |
| 12/06/2019 | <u>42</u> | MOTION to Dismiss *, or in theAlternative*, MOTION for Summary Judgment *Re−filed from July 1, 2019* by FEDERAL ELECTION COMMISSION (Attachments: # <u>1</u> Statement of Facts, # <u>2</u> Affidavit, # <u>3</u> Affidavit, # <u>4</u> Affidavit, # <u>5</u> Affidavit)(Streeter, Benjamin) (Entered: 12/06/2019) |

| 12/19/2019 | | MINUTE ORDER granting 41 Sealed Motion for Leave to File Document Under Seal. Signed by Judge Emmet G. Sullivan on 12/19/2019. (lcegs3) (Entered: 12/19/2019) |
|---|---|---|
| 12/20/2019 | 43 | ENTERED IN ERROR.....NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL ELECTION COMMISSION. Attorney Benjamin A. Streeter, III terminated. (Streeter, Benjamin) Modified on 12/26/2019 (zeg). (Entered: 12/20/2019) |
| 12/20/2019 | 44 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by GIFFORDS (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order re Motion for Leave to File Under Seal, # 2 Cross–Motion for Summary Judgment and Opposition to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment and Memorandum of Points and Authority in Support, # 3 Text of Proposed Order re Cross–Motion for Summary Judgment, # 4 Plaintiff's Statement of Material Facts, # 5 Plaintiff's Counter–Statement of Material Facts, # 6 Exhibit 1: Tillis, et al., Complaint, # 7 Exhibit 2: Tillis, et al., Am. Complaint, # 8 Exhibit 3: Rosendale Complaint, # 9 Exhibit 4: Rosendale Supp. Complaint, # 10 Exhibit 5: Hawley Complaint, # 11 Exhibit 6: Trump Complaint, # 12 Exhibit 7: Weintraub Statement, # 13 Exhibit 8: Q3 2019 Statistics, # 14 Exhibit 9: Kitcher Deposition Excerpts, # 15 Exhibit 10: Peterson Deposition Exhibits)(Noti, Adav) (Entered: 12/20/2019) |
| 12/20/2019 | 45 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by GIFFORDS (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order re Motion for Leave to File Under Seal, # 2 Memorandum of Points and Authorities in Support of Cross–Motion for Summary Judgment and Opposition to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, # 3 Text of Proposed Order re Cross–Motion for Summary Judgment and Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, # 4 Plaintiff's Statement of Material Facts, # 5 Plaintiff's Counter–Statement of Material Facts, # 6 Exhibit 1: Tillis et al., Complaint, # 7 Exhibit 2: Tillis, et al., Am. Complaint, # 8 Exhibit 3: Rosendale Complaint, # 9 Exhibit 4: Rosendale Supp. Complaint, # 10 Exhibit 5: Hawley Complaint, # 11 Exhibit 6: Trump Complaint, # 12 Exhibit 7: Weintraub Statement, # 13 Exhibit 8: Q3 2019 Statistics, # 14 Exhibit 9: Kitcher Deposition Excerpts, # 15 Exhibit 10 Peterson Deposition Excerpts)(Noti, Adav) (Entered: 12/20/2019) |
| 12/20/2019 | 46 | Unopposed MOTION for Extension of Time to *File Redacted Version of Cross–Motion for Summary Judgment and Opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment* by GIFFORDS (Attachments: # 1 Text of Proposed Order)(Noti, Adav) (Entered: 12/20/2019) |
| 12/23/2019 | | MINUTE ORDER granting 44 Sealed Motion for Leave to File Document Under Seal. Signed by Judge Emmet G. Sullivan on 12/23/2019. (lcegs3) (Entered: 12/23/2019) |
| 12/23/2019 | | MINUTE ORDER granting 45 Sealed Motion for Leave to File Document Under Seal. Signed by Judge Emmet G. Sullivan on 12/23/2019. (lcegs3) (Entered: 12/23/2019) |
| 12/23/2019 | | MINUTE ORDER granting 46 Plaintiff's Unopposed Motion for Extension of Time to File Redacted Version of Cross–Motion for Summary Judgment and Opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment. Plaintiff shall file its redacted cross–motion for summary judgment, opposition to Defendant's |

| | | motion to dismiss or in the alternative for summary judgment, and exhibits by no later than January 8, 2020. Signed by Judge Emmet G. Sullivan on 12/23/2019. (lcegs3) (Entered: 12/23/2019) |
|---|---|---|
| 12/23/2019 | | Set/Reset Deadlines/Hearings: Plaintiff's redacted cross−motion for summary judgment, response to Motion for Summary Judgment, and exhibits due by 1/8/2020. (zcdw) (Entered: 12/26/2019) |
| 12/23/2019 | 48 | SEALED CROSS−MOTION FOR SUMMARY JUDGMENT filed by GIFFORDS. (This document is SEALED and only available to authorized persons.)(zjf) (Entered: 01/06/2020) |
| 12/23/2019 | 49 | SEALED OPPOSITION filed by GIFFORDS re 42 MOTION to Dismiss , *or in theAlternative* MOTION for Summary Judgment *Re−filed from July 1, 2019* (Attachments: # 1 Statement of Facts, # 2 Counter−Statement of Material Facts, # 3 Text of Proposed Order)(zjf) (Entered: 01/06/2020) |
| 12/26/2019 | | NOTICE OF CORRECTED DOCKET ENTRY: re 43 Notice of Withdrawal of Appearance was entered in error and counsel was instructed to refile said pleading. Case title and case number must match with document. (eg) (Entered: 12/26/2019) |
| 12/27/2019 | 47 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL ELECTION COMMISSION. (Streeter, Benjamin) (Entered: 12/27/2019) |
| 01/08/2020 | 50 | REDACTED DOCUMENT− Cross−Motion for Summary Judgment and Memorandum of Points and Authorities in Support of Cross−Motion for Summary Judgment and Opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment to 48 SEALED MOTION filed by GIFFORDS. (This document is SEALED and only available to authorized persons.), 49 Sealed Opposition, by GIFFORDS. (Attachments: # 1 Text of Proposed Order (Redacted), # 2 Statement of Facts (Redacted), # 3 Counterstatement of Facts (Redacted), # 4 Exhibit 1: Thillis, et al. Complaint, # 5 Exhibit 2: Thillis, et al. Am. Complaint, # 6 Exhibit 3: Rosendale Complaint, # 7 Exhibit 4: Rosendale Supp. Complaint, # 8 Exhibit 5: Hawley Complaint, # 9 Exhibit 6: Trump Complaint, # 10 Exhibit 7: Weintraub Statement, # 11 Exhibit 8: 2019 Q3 Workload Stats, # 12 Exhibit 9: C. Kitcher Deposition Transcript Excerpts (Redacted), # 13 Exhibit 10: J. Peterson Deposition Transcript Excerpts (Redacted))(Noti, Adav) (Entered: 01/08/2020) |
| 01/10/2020 | 51 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by FEDERAL ELECTION COMMISSION (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Opposition to Plaintiff's Cross Motion for Summary Judgment, # 2 FEC Counter−Statement of Facts, # 3 Declaration of Charles Kitcher, # 4 Peterson Dep. Transcript, # 5 Kitcher Dep. Transcript, # 6 Natl. Right to Work slip op.)(Nesin, Seth) (Entered: 01/10/2020) |
| 01/10/2020 | 52 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by FEDERAL ELECTION COMMISSION (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Reply in Support of FEC Motion to Dismiss, or in the Alternative, for Summary Judgment, # 2 FEC Counter−Statement of Facts, # 3 Declaration of Charles Kitcher, # 4 Peterson Dep. Transcript, # 5 Kitcher Dep. Transcript, # 6 Natl. Right to Work v. FEC slip op.)(Nesin, Seth) (Entered: 01/10/2020) |
| 01/10/2020 | 53 | MOTION for Extension of Time to File *a Redacted Version of its Reply in Support of its Motion to Dismiss, or in the Alternative, for Summary Judgment and Opposition to* |

| | | |
|---|---|---|
| | | *Plaintiff's Cross−Motion for Summary Judgment* by FEDERAL ELECTION COMMISSION (Nesin, Seth) (Entered: 01/10/2020) |
| 01/10/2020 | 54 | NOTICE of Appearance by Seth E. Nesin on behalf of FEDERAL ELECTION COMMISSION (Nesin, Seth) (Entered: 01/10/2020) |
| 01/13/2020 | | MINUTE ORDER granting 51 Sealed Motion for Leave to File Document Under Seal. Signed by Judge Emmet G. Sullivan on 1/13/2020. (lcegs3) (Entered: 01/13/2020) |
| 01/13/2020 | | MINUTE ORDER granting 52 Sealed Motion for Leave to File Document Under Seal. Signed by Judge Emmet G. Sullivan on 1/13/2020. (lcegs3) (Entered: 01/13/2020) |
| 01/13/2020 | | MINUTE ORDER granting 53 Defendant's Unopposed Motion for Extension of Time to File a Redacted Version of its Reply in Support of its Motion to Dismiss, or in the Alternative, for Summary Judgment and Opposition to Plaintiff's Cross−Motion for Summary Judgment. Defendant shall file the redacted versions of its reply brief and exhibits by no later than January 24, 2020. Signed by Judge Emmet G. Sullivan on 1/13/2020. (lcegs3) (Entered: 01/13/2020) |
| 01/13/2020 | 55 | SEALED OPPOSITION filed by FEDERAL ELECTION COMMISSION re 48 SEALED MOTION for Summary Judgment filed by GIFFORDS. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 FEC Counter−Statement of Facts, # 2 Declaration of Charles Kitche, # 3 Peterson Dep. Transcript, # 4 Kitcher Dep. Transcrip, # 5 Natl. Right to Work v. FEC slip op.)(znmw) (Entered: 01/16/2020) |
| 01/13/2020 | 56 | SEALED REPLY TO OPPOSITION filed by FEDERAL ELECTION COMMISSION re 42 MOTION to Dismiss , *or in the Alternative* MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 FEC Counter−Statement of Facts, # 2 Declaration of Charles Kitcher, # 3 Peterson Dep. Transcript, # 4 Kitcher Dep. Transcript, # 5 Natl. Right to Work v. FEC slip op.)(znmw) (Entered: 01/16/2020) |
| 01/14/2020 | | Set/Reset Deadlines: Defendant Redacted Versions Of Reply Brief And Exhibits due by 1/24/2020. (mac) (Entered: 01/14/2020) |
| 01/17/2020 | 57 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by GIFFORDS (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Reply Brief, # 3 Reply to Counter−Statement of Facts, # 4 Exhibit 11: C. Kitcher Deposition Transcript Excerpts, # 5 Exhibit 12: J. Peterson Deposition Transcript Excerpts)(Noti, Adav) (Entered: 01/17/2020) |
| 01/21/2020 | | MINUTE ORDER granting 57 Sealed Motion for Leave to File Document Under Seal. Plaintiff shall file redacted versions of the sealed document and exhibits on the public docket within five business days of this Order. Signed by Judge Emmet G. Sullivan on 1/21/2020. (lcegs3) (Entered: 01/21/2020) |
| 01/21/2020 | 60 | SEALED REPLY in support re 48 SEALED CROSS−MOTION FOR SUMMARY JUDGMENT filed by GIFFORDS. (This document is SEALED and only available to authorized persons.) (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit)(zjf) (Entered: 01/24/2020) |
| 01/24/2020 | 58 | |

| | | |
|---|---|---|
| | | Memorandum in opposition to re 48 SEALED MOTION filed by GIFFORDS. (This document is SEALED and only available to authorized persons.) *REDACTED Memorandum* filed by FEDERAL ELECTION COMMISSION. (Attachments: # 1 Counter–Statement of Disputed Facts (redacted), # 2 Kitcher Declaration (redacted), # 3 Peterson Deposition (redacted), # 4 Kitcher Deposition (redacted), # 5 Natl. Right to Work v. FEC slip op.)(Nesin, Seth) (Entered: 01/24/2020) |
| 01/24/2020 | 59 | REPLY to opposition to motion re 48 SEALED MOTION filed by GIFFORDS. (This document is SEALED and only available to authorized persons.) *REDACTED Reply* filed by FEDERAL ELECTION COMMISSION. (Attachments: # 1 Counter–Statement of Disputed Facts (redacted), # 2 Kitcher Declaration (redacted), # 3 Peterson Deposition (redacted), # 4 Kitcher Deposition (redacted), # 5 Nat'l Right to Work v. FEC slip op.)(Nesin, Seth) (Entered: 01/24/2020) |
| 01/28/2020 | 61 | REDACTED DOCUMENT– Reply in Support of Motion for Summary Judgment by GIFFORDS. (Attachments: # 1 (Redacted Reply to Counterstatement of Facts), # 2 Exhibit 11: Redacted C. Kitcher Deposition Excerpts, # 3 Exhibit 12: Redacted J. Peterson Deposition Excerpts)(Noti, Adav) (Entered: 01/28/2020) |
| 10/08/2020 | 62 | NOTICE *of Supplemental Evidence* by GIFFORDS (Attachments: # 1 Exhibit 1: Article)(Noti, Adav) (Entered: 10/08/2020) |
| 10/22/2020 | 63 | RESPONSE re 62 Notice (Other) filed by FEDERAL ELECTION COMMISSION. (Nesin, Seth) (Entered: 10/22/2020) |
| 12/02/2020 | 64 | NOTICE OF SUPPLEMENTAL AUTHORITY by FEDERAL ELECTION COMMISSION (Attachments: # 1 McCutcheon Opinion)(Nesin, Seth) (Entered: 12/02/2020) |
| 02/02/2021 | 65 | NOTICE *Regarding the Federal Election Commission's Quorum* by GIFFORDS (Noti, Adav) (Entered: 02/02/2021) |
| 02/19/2021 | 66 | Consent MOTION to Designate Filing as HSD and for Leave to File *Under Seal Its Notice of Subsequent Developments* by FEDERAL ELECTION COMMISSION. (Attachments: # 1 Text of Proposed Order)(Nesin, Seth) Modified on 2/19/2021 to edit relief and text.(ztnr) (Entered: 02/19/2021) |
| 02/19/2021 | 84 | NOTICE OF SUBSEQUENT DEVELOPMENTS by FEDERAL ELECTION COMMISSION (mac) (Entered: 12/27/2021) |
| 02/22/2021 | | MINUTE ORDER granting 66 consent motion to designate filing as HSD and for leave to file under seal its notice of subsequent developments. The Clerk of the Court is directed to file the accompanying Notice under seal until further order of the Court. Signed by Judge Emmet G. Sullivan on 2/22/2021. (lcegs3) (Entered: 02/22/2021) |
| 02/22/2021 | | ***HSD has been filed with the Court. (mac) (Entered: 02/23/2021) |
| 03/24/2021 | 67 | MOTION to Designate Filing as HSD by FEDERAL ELECTION COMMISSION. (Attachments: # 1 Text of Proposed Order)(Nesin, Seth) Modified on 4/5/2021 to correct docket event/text (zjf). (Entered: 03/24/2021) |
| 03/24/2021 | 85 | FEDERAL ELECTION COMMISSION'S SECOND NOTICE OF SUBSEQUENT DEVELOPTMENTS by FEDERAL ELECTION COMMISSION (mac) (Entered: 12/27/2021) |
| 03/26/2021 | | |

| | | MINUTE ORDER granting 67 MOTION to Designate Filing as HSD . The Clerk of the Court is directed to file the accompanying Notice under seal until further order of the Court. Signed by Judge Emmet G. Sullivan on 3/26/2021. (lcegs3) Modified on 4/5/2021 (zjf). (Entered: 03/26/2021) |
|---|---|---|
| 03/29/2021 | | ***HSD has been filed with the Court. (mac) (Entered: 03/29/2021) |
| 04/02/2021 | 68 | MOTION to Designate Filing as HSD by GIFFORDS. (Attachments: # 1 Text of Proposed Order)(Noti, Adav) Modified on 4/5/2021 to correct docket event/text (Entered: 04/02/2021) |
| 04/02/2021 | | MINUTE ORDER granting 68 MOTION to Designate Filing as HSD. The Clerk of Court is directed to file the accompanying Response under seal during the pendency of this case or until further order. Signed by Judge Emmet G. Sullivan on 4/2/2021. (lcegs3) Modified on 4/5/2021 (zjf). (Entered: 04/02/2021) |
| 04/02/2021 | 86 | PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUBSEQUENT DEVELOPMENTS by GIFFORDS. (mac) (Entered: 12/27/2021) |
| 04/07/2021 | | ***HSD has been filed with the Court. (mac) (Entered: 04/07/2021) |
| 05/24/2021 | 69 | MOTION to Expedite *Consideration of the Parties Cross−Motions for Summary Judgment or in the Alternative for a Status Hearing* by GIFFORDS. (Attachments: # 1 Text of Proposed Order)(Noti, Adav) (Entered: 05/24/2021) |
| 06/01/2021 | | MINUTE ORDER granting 69 Plaintiff's motion to expedite consideration of the parties' cross−motions for summary judgment. The Court declines to schedule a status conference at this time. Signed by Judge Emmet G. Sullivan on 6/1/2021. (lcegs3) (Entered: 06/01/2021) |
| 08/17/2021 | 70 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL ELECTION COMMISSION. Attorney Seth E. Nesin terminated. (Nesin, Seth) (Entered: 08/17/2021) |
| 09/30/2021 | 71 | ORDER denying 42 Motion to Dismiss; denying 42 Motion for Summary Judgment; granting 48 Sealed Motion. Signed by Judge Emmet G. Sullivan on 9/30/2021. (lcegs3) (Entered: 09/30/2021) |
| 09/30/2021 | | MINUTE ORDER. The Memorandum Opinion associated with 71 Order contains information from Highly Sensitive Documents. The parties are directed to contact Mr. Mark Coates, the Courtroom Deputy, to make arrangements to obtain a paper copy of the Memorandum Opinion. The parties shall meet and confer, and by no later than October 7, 2021, deliver a redacted paper copy of the Memorandum Opinion to the Clerk of Court's office consistent with the procedures set forth in Standing Order No. 21−3 issued by Chief Judge Howell on January 12, 2021. The parties are reminded that only Highly Sensitive Information may be redacted from the Memorandum Opinion. Signed by Judge Emmet G. Sullivan on 9/30/2021. (lcegs3) (Entered: 09/30/2021) |
| 10/01/2021 | | Set/Reset Deadlines: Meet & Confer Report due by 10/7/2021. (mac) (Entered: 10/01/2021) |
| 10/08/2021 | 72 | MOTION for Hearing by GIFFORDS. (Noti, Adav) (Entered: 10/08/2021) |
| 10/08/2021 | 73 | Joint MOTION to Designate Filing as HSD *Joint Statement* by FEDERAL ELECTION COMMISSION. (Attachments: # 1 Text of Proposed Order)(Summers, |

| | | Harry) (Entered: 10/08/2021) |
|---|---|---|
| 10/08/2021 | 87 | JOINT STATEMENT by FEDERAL ELECTION COMMISSION, GIFFORDS. (mac) (Entered: 12/27/2021) |
| 10/12/2021 | | MINUTE ORDER treating as opposed and granting over objection 72 motion for hearing. The Court hereby schedules a status conference for November 1, 2021 at 1:00 p.m. via video teleconference. The parties shall contact Mr. Mark Coates, the Courtroom Deputy Clerk, for the dial–in information. Signed by Judge Emmet G. Sullivan on 10/12/2021. (lcegs3) (Entered: 10/12/2021) |
| 10/12/2021 | | MINUTE ORDER granting 73 Joint MOTION to Designate Filing as HSD. The Clerk of Court is directed to file the accompanying Joint Statement under seal during the pendency of this case or until further order. Signed by Judge Emmet G. Sullivan on 10/12/2021. (lcegs3) (Entered: 10/12/2021) |
| 10/12/2021 | | Set/Reset Hearings: Status Conference set for 11/1/2021 at 1:00 PM in Telephonic/VTC before Judge Emmet G. Sullivan. (mac) (Entered: 10/12/2021) |
| 10/12/2021 | | ***HSD has been filed with the Court. (mac) (Entered: 10/12/2021) |
| 10/14/2021 | 74 | REDACTED MEMORANDUM OPINION. Signed by Judge Emmet G. Sullivan on 10/14/2021. (lcegs3) (Entered: 10/14/2021) |
| 10/14/2021 | | MINUTE ORDER. In view of 74 Redacted Memorandum Opinion, the Court informs the parties that it considered each party's proposed redactions as well as their 73 joint statement. Signed by Judge Emmet G. Sullivan on 10/14/2021. (lcegs3) (Entered: 10/14/2021) |
| 10/14/2021 | 88 | MEMORANDUM OPINION Signed by Judge Emmet G. Sullivan on 09/30/21. (mac) (Entered: 12/27/2021) |
| 11/01/2021 | | Minute Entry for proceedings held Via VTC before Judge Emmet G. Sullivan: Status Conference held on 11/1/2021. (Court Reporter LORRAINE HERMAN.) (mac) (Entered: 11/01/2021) |
| 11/01/2021 | 75 | ORDER. Signed by Judge Emmet G. Sullivan on 11/1/2021. (lcegs1) (Entered: 11/01/2021) |
| 11/01/2021 | | MINUTE ORDER. The parties are hereby ordered to show cause by no later than November 15, 2021 why the Court should not issue a Final Judgment. Signed by Judge Emmet G. Sullivan on 11/1/2021. (lcegs3) (Entered: 11/01/2021) |
| 11/02/2021 | | Set/Reset Deadlines: Parties Show Cause due by 11/15/2021. (mac) (Entered: 11/02/2021) |
| 11/04/2021 | 76 | Consent MOTION Leave to Obtain Sealed Hearing Transcript by FEDERAL ELECTION COMMISSION. (Attachments: # 1 Text of Proposed Order)(Summers, Harry) (Entered: 11/04/2021) |
| 11/08/2021 | | MINUTE ORDER granting in part and denying in part 76 consent motion for leave to obtain sealed hearing transcript. The parties may obtain a transcript of the November 1, 2021 hearing in this case, a portion of which was sealed. However, due to the inclusion of highly sensitive information on the transcript, the parties may only obtain a paper copy of the transcript. Signed by Judge Emmet G. Sullivan on 11/8/2021. (lcegs1) (Entered: 11/08/2021) |

| 11/12/2021 | <u>77</u> | MOTION to Intervene by NATIONAL RIFLE ASSOCIATION OF AMERICA, NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND. (Attachments: # <u>1</u> Appendix Index of Exhibits, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C)(Spies, Charles) (Entered: 11/12/2021) |
|---|---|---|
| 11/15/2021 | 78 | SEALED DOCUMENT Transcript of Video Status Conference Held on 11/1/2021 Before Judge Emmet G. Sullivan. (This document is SEALED and only available to authorized persons.)(zhsj) (Entered: 11/15/2021) |
| 11/15/2021 | <u>79</u> | RESPONSE TO ORDER OF THE COURT re Order by GIFFORDS (Danahy, Molly) Modified docket event/text on 11/22/2021 (zeg). (Entered: 11/15/2021) |
| 11/17/2021 | <u>80</u> | FINAL JUDGMENT. Signed by Judge Emmet G. Sullivan on 11/17/2021. (lcegs3) (Entered: 11/17/2021) |
| 11/18/2021 | <u>81</u> | JUDGMENT in favor of Giffords against Federal Election Commission Signed by Judge Emmet G. Sullivan on 11/18/21. (mac) (Entered: 11/18/2021) |
| 12/07/2021 | <u>82</u> | NOTICE *of Additional Evidence in Support of Motion to Intervene for Limited Purpose of Unsealing the Judicial Record* by NATIONAL RIFLE ASSOCIATION OF AMERICA, NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND re <u>77</u> MOTION to Intervene (Attachments: # <u>1</u> Exhibit Index of Exhibits, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Exhibit F, # <u>8</u> Exhibit G, # <u>9</u> Exhibit H, # <u>10</u> Exhibit I)(Spies, Charles) (Entered: 12/07/2021) |
| 12/08/2021 | <u>83</u> | MOTION to Expedite *Consideration of Motion to Intervene for Limited Purpose of Unsealing the Judicial Record* by NATIONAL RIFLE ASSOCIATION OF AMERICA, NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND. (Spies, Charles) (Entered: 12/08/2021) |
| 12/13/2021 | | MINUTE ORDER granting <u>77</u> motion to intervene in view of the MUR respondents' waiver of confidentiality pursuant to 52 U.S.C. § 30109(a)(12), see Ex. B to Mot. Intervene, ECF No. 77–3; Exs. A–I to Notice, ECF No. 82; Plaintiff's lack of opposition; and Defendant's failure to file an opposition to the motion within 14 days, see L. Civ. R. 7(b) ("Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."). The Court further finds that the movants the National Rifle Association of America and the National Rifle Association of America Political Victory Fund have standing and have satisfied the requirements of Rule 24 for the reasons stated within their motion. See Mot. Intervene, ECF No. 77 at 12–17; see also EEOC v. Nat'l Children's Ctr., Inc., 146 F.3d 1042, 1046–48 (D.C. Cir. 1998). Accordingly, it is hereby ORDERED that movants are granted permissive intervention for the purpose of unsealing the judicial record. It is FURTHER ORDERED that the judicial record in this case is unsealed. The Clerk of the Court is directed to unseal those portions of the docket currently under seal on the docket in this case. The Clerk of Court is further directed to file on the public docket in this case all documents formerly designated as Highly Sensitive Documents including the Court's September 30, 2021 Memorandum Opinion and the Transcript of the November 1, 2021 hearing. Signed by Judge Emmet G. Sullivan on 12/13/2021. (lcegs3) (Entered: 12/13/2021) |
| 12/13/2021 | | MINUTE ORDER. In view of the Court's Minute Order of December 13, 2021 granting <u>77</u> motion to intervene, the Court hereby denies as moot <u>83</u> motion to |

| | | |
|---|---|---|
| | | expedite consideration of motion to intervene. Signed by Judge Emmet G. Sullivan on 12/13/2021. (lcegs3) (Entered: 12/13/2021) |
| 12/27/2021 | 89 | TRANSCRIPT OF PROCEEDINGS before Judge Emmet G. Sullivan held on November 1, 2021; Page Numbers: 1–13. Date of Issuance:November 1, 2021. Court Reporter/Transcriber LORRAINE HERMAN, Telephone number 202–354–3196, Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

(mac) (Entered: 12/27/2021) |
| 12/28/2021 | | ***Documents Unsealed pursuant to Minute Order filed on 12/13/2021. 57 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by GIFFORDS (This document is SEALED and only available to authorized persons.), 48 SEALED MOTION filed by GIFFORDS. (This document is SEALED and only available to authorized persons.), 17 SEALED MOTION filed by FEDERAL ELECTION COMMISSION, 35 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by FEDERAL ELECTION COMMISSION (This document is SEALED and only available to authorized persons.), 24 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by FEDERAL ELECTION COMMISSION (This document is SEALED and only available to authorized persons.), 34 Sealed Reply, 41 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by FEDERAL ELECTION COMMISSION (This document is SEALED and only available to authorized persons.), 49 Sealed Opposition, 56 Sealed Reply, 60 Sealed Reply, Set/Reset Deadlines, 26 SEALED MOTION filed by FEDERAL ELECTION COMMISSION. (This document is SEALED and only available to authorized persons.), 55 Sealed Opposition, 44 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by GIFFORDS (This document is SEALED and only available to authorized persons.), 27 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by GIFFORDS (This document is SEALED and only available to authorized persons.), 45 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by GIFFORDS (This document is SEALED and only available to authorized persons.), 52 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by FEDERAL ELECTION COMMISSION (This document is SEALED and only available to authorized persons.), 29 SEALED MOTION filed by GIFFORDS. (This document is SEALED and only available to authorized persons.), 51 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by FEDERAL ELECTION COMMISSION (This document is SEALED and only available to authorized persons.), 30 Sealed Opposition, Order on Sealed Motion, Order on Motion for Discovery, Order on Motion to Dismiss, Order on Motion for |

| | | |
|---|---|---|
| | | Summary Judgment, 32 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by GIFFORDS (This document is SEALED and only available to authorized persons.), 36 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by GIFFORDS (This document is SEALED and only available to authorized persons.) unsealed. (zjf) (Entered: 12/28/2021) |
| 01/26/2024 | 90 | MOTION for Relief from Judgment *and Orders* by NATIONAL RIFLE ASSOCIATION OF AMERICA, NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND. (Attachments: # 1 Memorandum in Support Statement of Points and Authorities, # 2 Text of Proposed Order Proposed Order, # 3 Exhibit Index of Exhibits, # 4 Exhibit Ex A–N.Y. Times June 8, 2021 Article, # 5 Exhibit Ex B–FEC Commissioner Sept 30, 2022 Tweets, # 6 Exhibit Ex C–Statement of Commissioner (Mar 2, 2022), # 7 Exhibit Ex D–Statement of Commissioners (Oct. 4, 2022), # 8 Exhibit Ex E–FEC Certification, # 9 Exhibit Ex F–Transcript of Status Conf, # 10 Exhibit Ex G–Statement of Chairman and Commissioners, # 11 Exhibit Ex H–Sept 7, 2022 Letter, # 12 Exhibit Ex I–Statement of Reasons, # 13 Exhibit Ex J–FEC's Index of a Sample of Withheld Items)(Spies, Charles) (Entered: 01/26/2024) |
| 01/26/2024 | 91 | NOTICE of Appearance by Robert Avers on behalf of NATIONAL RIFLE ASSOCIATION OF AMERICA, NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND (Avers, Robert) (Entered: 01/26/2024) |
| 02/05/2024 | 92 | Consent MOTION for Extension of Time to File Response/Reply as to 90 MOTION for Relief from Judgment *and Orders* by GIFFORDS. (Attachments: # 1 Text of Proposed Order)(Danahy, Molly) (Entered: 02/05/2024) |
| 02/07/2024 | | MINUTE ORDER granting 92 motion for extension of time. Giffords shall file its response to the motion for relief from judgment by no later than March 1, 2024. Signed by Judge Emmet G. Sullivan on 2/7/2024. (lcegs1) (Entered: 02/07/2024) |
| 02/08/2024 | | Set/Reset Deadlines: Giffords Response To The Motion For Relief From Judgment due by 3/1/2024. (mac) (Entered: 02/08/2024) |
| 02/09/2024 | 93 | NOTICE OF SUBSTITUTION OF COUNSEL by Haven G. Ward on behalf of FEDERAL ELECTION COMMISSION Substituting for attorney Kevin Deeley & Harry J. Summers (Ward, Haven) (Entered: 02/09/2024) |
| 02/09/2024 | 94 | RESPONSE re 90 MOTION for Relief from Judgment *and Orders* filed by FEDERAL ELECTION COMMISSION. (Ward, Haven) (Entered: 02/09/2024) |
| 02/13/2024 | 95 | Consent MOTION for Briefing Schedule *–Realign* by NATIONAL RIFLE ASSOCIATION OF AMERICA, NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND. (Attachments: # 1 Text of Proposed Order Proposed Order)(Spies, Charles) (Entered: 02/13/2024) |
| 02/14/2024 | | MINUTE ORDER granting 95 Motion for Briefing Schedule. The NRA shall file one combined reply brief by no later than March 8, 2024. Signed by Judge Emmet G. Sullivan on 2/14/2024. (lcegs1) (Entered: 02/14/2024) |
| 02/14/2024 | | Set/Reset Deadlines: NRA Combined Reply Brief due by 3/8/2024. (mac) (Entered: 02/14/2024) |
| 02/26/2024 | 96 | Unopposed MOTION to Stay re 90 MOTION for Relief from Judgment *and Orders* by GIFFORDS. (Attachments: # 1 Text of Proposed Order)(Danahy, Molly) (Entered: 02/26/2024) |

| 02/27/2024 | | MINUTE ORDER granting 96 Plaintiff's unopposed motion to stay the March 1, 2024, deadline for Plaintiff to respond to the motion for relief from judgment filed by the National Rifle Association Political Victory Fund (NRA–PVF) and National Rifle Association (NRA) ("movants"), see ECF No. 90, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that a status report be filed within 10 days of the mandate being issued in Campaign Legal Center v. 45Committee, D.C. Cir. No. 23–7040, proposing next steps in this litigation. Signed by Judge Emmet G. Sullivan on 2/27/2024. (lcegs1) (Entered: 02/27/2024) |
| --- | --- | --- |
| 07/01/2024 | 97 | NOTICE OF WITHDRAWAL OF APPEARANCE as to GIFFORDS. Attorney Molly E. Danahy terminated. (Danahy, Molly) (Entered: 07/01/2024) |
| 11/25/2024 | 98 | Joint STATUS REPORT by GIFFORDS. (Hancock, Kevin) (Entered: 11/25/2024) |
| 11/25/2024 | 99 | NOTICE of Appearance by Kevin P. Hancock on behalf of GIFFORDS (Hancock, Kevin) (Entered: 11/25/2024) |
| 12/02/2024 | 100 | Joint STATUS REPORT by GIFFORDS. (Hancock, Kevin) (Entered: 12/02/2024) |
| 12/03/2024 | | MINUTE ORDER. In view of 100 Joint Status Report, the Clerk of Court is directed to lift the STAY in this case. Plaintiffs response to 90 National Rifle Association of America and the National Rifle Association of America Political Victory Funds Motion for Relief from Orders and Judgment shall be filed by no later than January 10, 2025. Signed by Judge Emmet G. Sullivan on 12/3/2024. (lcegs1) (Entered: 12/03/2024) |
| 12/04/2024 | | Set/Reset Deadlines: Plaintiffs Response To 90 National Rifle Association of America and the National Rifle Association of America Political Victory Funds Motion for Relief from Orders and Judgment due by 1/10/2025. (mac) (Entered: 12/04/2024) |
| 12/06/2024 | 101 | Unopposed MOTION for Leave to File *Supplemental Brief* by NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND. (Attachments: # 1 Text of Proposed Order, # 2 Statement of Facts)(Avers, Robert) (Entered: 12/06/2024) |
| 12/09/2024 | | MINUTE ORDER granting 101 motion for leave to file supplemental brief. It is HEREBY ORDERED that: (1) the 5–page supplemental brief attached to 101 is deemed filed; (2) the FEC may file a response to the NRA's supplemental brief, so long as such response does not exceed 5 pages and so long as any such response is filed on or before January 10, 2025; and (3) Giffords may file a response to the NRA's Motion for Relief from Orders and Judgment that is 5 pages longer than any applicable page limit so that it may fully respond to the NRA's Supplemental Brief when it responds to that Motion. Signed by Judge Emmet G. Sullivan on 12/9/2024. (lcegs1) (Entered: 12/09/2024) |
| 12/09/2024 | 102 | SUPPLEMENTAL MEMORANDUM to re 90 MOTION for Relief from Judgment *and Orders* filed by NATIONAL RIFLE ASSOCIATION OF AMERICA, NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND. (znmw) (Entered: 12/10/2024) |
| 12/10/2024 | | Set/Reset Deadlines: FEC Response To to NRA's Supplemental Brief And Giffords Response To The NRA's Motion For Relief From Orders And Judgment due by1/10/2025. (mac) (Entered: 12/10/2024) |
| 01/08/2025 | 103 | RESPONSE re 102 *to Non–Parties' Supplemental Brief* filed by FEDERAL ELECTION COMMISSION. (Ward, Haven) Modified on 1/10/2025 to add link (mg). (Entered: 01/08/2025) |

| 01/10/2025 | 104 | RESPONSE re 90 MOTION for Relief from Judgment *and Orders* filed by GIFFORDS. (Hancock, Kevin) (Entered: 01/10/2025) |
|---|---|---|
| 01/14/2025 | 105 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Daniel Lenz, Filing fee $ 100, receipt number ADCDC−11404369. Fee Status: Fee Paid. by GIFFORDS. (Attachments: # 1 Declaration Attorney Declaration, # 2 Certificate of Good Standing, # 3 Text of Proposed Order Proposed Order)(Hancock, Kevin) (Entered: 01/14/2025) |
| 01/14/2025 | | NOTICE OF ERROR regarding 105 MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Daniel Lenz, Filing fee $ 100, receipt number ADCDC−11404369. Fee Status: Fee Paid.. The following error(s) need correction: The certificate of good standing is missing the issued date. Please refile using the event errata. (zdp) (Entered: 01/14/2025) |
| 01/17/2025 | 106 | REPLY to opposition to motion re 90 Motion for Relief from Judgment,,, filed by NATIONAL RIFLE ASSOCIATION OF AMERICA, NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND. (Spies, Charles) (Entered: 01/17/2025) |
| 01/24/2025 | | MINUTE ORDER granting 105 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Emmet G. Sullivan on 1/24/2025. (lcegs1) (Entered: 01/24/2025) |
| 01/28/2025 | 107 | MOTION for Leave to File *Sur−Reply Addressing CLC v. Heritage Action for Am., No 23−7107 (D.C. Cir. Jan. 15, 2025)* by GIFFORDS. (Attachments: # 1 Exhibit 1 (Proposed sur−reply), # 2 Exhibit A (Order dated Jan. 15, 2025, CLC v. Heritage Action for Am., No. 23−7107 (D.C. Cir.))(Hancock, Kevin) (Entered: 01/28/2025) |
| 01/31/2025 | 108 | NOTICE of Appearance by Daniel Spector Lenz on behalf of GIFFORDS (Lenz, Daniel) (Entered: 01/31/2025) |
| 02/03/2025 | 109 | NOTICE of Appearance by Michael Dana Contino on behalf of FEDERAL ELECTION COMMISSION (Contino, Michael) (Entered: 02/03/2025) |
| 02/11/2025 | 110 | Memorandum in opposition to re 107 Motion for Leave to File, *Surreply* filed by NATIONAL RIFLE ASSOCIATION OF AMERICA, NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND. (Attachments: # 1 Text of Proposed Order)(Spies, Charles) (Entered: 02/11/2025) |
| 02/11/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 110 Memorandum in opposition to re 107 Motion for Leave to File, *Surreply* filed by NATIONAL RIFLE ASSOCIATION OF AMERICA, NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND. (Attachments: # 1 Text of Proposed Order)(Spies, Charles).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney−renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 2/18/2025. (zhcn) |

| | | Modified on 2/13/2025 (zhcn). (Entered: 02/13/2025) |
|---|---|---|
| 04/01/2025 | 111 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FEDERAL ELECTION COMMISSION. Attorney Haven G. Ward terminated. (Ward, Haven) (Entered: 04/01/2025) |
| 04/22/2025 | 112 | MEMORANDUM OPINION AND ORDER denying 90 Motion for Relief from Judgment; denying 107 Motion for Leave to File. Signed by Judge Emmet G. Sullivan on 4/22/2025. (lcegs1) (Entered: 04/22/2025) |
| 05/22/2025 | 113 | NOTICE OF INTERLOCUTORY APPEAL TO DC CIRCUIT COURT as to 112 Order on Motion for Relief from Judgment, Order on Motion for Leave to File by NATIONAL RIFLE ASSOCIATION OF AMERICA, NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND. Filing fee $ 605, receipt number ADCDC−11708135. Fee Status: Fee Paid. Parties have been notified. (Spies, Charles) Modified event on 5/22/2025 (mg). (Entered: 05/22/2025) |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

GIFFORDS,

          Plaintiff,                      Case No. 1:19-cv-01192-EGS

v.                                    HON. EMMET G. SULLIVAN

FEDERAL ELECTION COMMISSION,

          Defendant.

_____/

## NOTICE OF APPEAL

Notice is hereby given that Movants the National Rifle Association of America and the National Rifle Association of America Political Victory Fund appeal to the United States Court of Appeals for the District of Columbia Circuit from this Court's memorandum opinion and order entered on April 22, 2025. Dkt. No. 112.

Dated: May 22, 2025                Respectfully submitted,

                                */s/ Charles R. Spies*
                                Charles R. Spies, Bar ID: 989020
                                Robert L. Avers (MI0083)
                                1825 Eye Street, N.W., Ste 900
                                Washington, D.C. 20006
                                (202) 466-9654
                                Facsimile: (844) 670-6009
                                cspies@dickinsonwright.com
                                ravers@dickinsonwright.com

                                *Attorneys for the National Rifle Association of*
                                *America & the National Rifle Association of*
                                *America Political Victory Fund*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GIFFORDS, | |
| Plaintiff, | |
| v. | Civ. Action No. 19-1192 (EGS) |
| FEDERAL ELECTION COMMISSION, | |
| Defendant. | |

<u>**MEMORANDUM OPINION and ORDER**</u>

**I.    Introduction**

In April 2019, Plaintiff Giffords—a nonpartisan, nonprofit 501(c)(4) organization headquartered in Washington, D.C.—brought this action against Defendant the Federal Election Commission ("FEC" or the "Commission") alleging that the Commission failed to act upon four administrative complaints filed with the agency under the Federal Election Campaign Act ("FECA"), 52 U.S.C. § 30109. *See* Compl., ECF No. 1 ¶¶ 1-5.[1] The relevant administrative complaints alleged that two National Rifle Association of America ("NRA") entities, the NRA Political Victory Fund ("NRA-PVF") and the NRA Institute for Legislative Action ("NRA-ILA"), made unlawful contributions to President Trump's 2016

---

[1] When citing electronic filings throughout this Memorandum Opinion, the Court cites to the ECF page number, not the page number of the filed document.

1

presidential campaign and to several Senate campaigns. *See* Compl., ECF No. 1 ¶ 10.

On September 30, 2021, the Court granted summary judgment in favor of Giffords, ordering the FEC to make a reason-to-believe determination within thirty days. *See* Mem. Op., ECF No. 88. When the Commission failed to conform to the Court's Order, the Court authorized Giffords to file a civil action against the administrative respondents pursuant to 52 U.S.C. § 30109(a)(8)(C), *see* Order, ECF No. 75; and entered final judgment in favor of Giffords, *see* Final Judgment, ECF No. 80.

Pending before the Court is a motion by the NRA and NRA-PVF (collectively, the "NRA")—non-parties to this lawsuit—seeking relief from the Court's Orders and Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). *See* Non-Parties' Mot. for Relief from Orders & J., ECF No. 90; Statement of Points & Authorities by the NRA in Support of Mot. for Relief from Orders and J. ("NRA Mot."), ECF No. 90-1. Upon consideration of the motion, the responses, the reply thereto, the applicable law, and the entire record, the Court **DENIES** the NRA's Motion.[2]

---

[2] Also pending before the Court is Giffords' Motion for Leave to File a Surreply "to address the D.C. Circuit's recent order in *Campaign Legal Center v. Heritage Action for America*, No. 23-7107, 2025 WL 222305 (D.C. Cir. Jan. 15, 2025). *See* Pl.'s Mot. for Leave to File Surreply, ECF No. 107; NRA's Opp'n to Pl.'s Mot. for Leave to File Surreply, ECF No. 110. Because the Court concludes that the NRA lacks standing to bring a Rule 60(b) motion and the D.C. Circuit's recent order would go to the

## II.  Background

The Court's previous Memorandum Opinion sets forth the statutory framework and enforcement procedures of FECA. *See* Mem. Op., ECF No. 88 at 2–5. To provide context for the NRA's motion, the Court briefly restates the process following the filing of an administrative complaint with the FEC before stating the facts of the underlying lawsuit.

### A. FECA's Enforcement Procedures

After the respondents named in the administrative complaint are notified and given an opportunity to respond to the allegations in the administrative complaint, the FEC's Office of General Counsel evaluates the submissions and determines whether the matter should be referred to the agency's Alternative Dispute Resolution Office, Administrative Fine Program, or Enforcement Division, or if it should be recommended for dismissal. *See* 52 U.S.C. § 30109(a)(1)-(2). When a matter is assigned to the Enforcement Division, as Giffords' complaints were, the assigned staff attorneys prepare and send a report to the Commission recommending whether it should find "reason to believe" that FECA was violated or whether it should dismiss the matter. *See* 11 C.F.R. § 111.7. Then, the FEC's Commissioners vote on whether the administrative complaint provides "reason to

---

questions of jurisdiction, Giffords' Motion for Leave to File a Surreply is **DENIED**.

believe" a violation of the FECA has occurred. 52 U.S.C. §
30109(a)(1)-(2).

The voting Commissioners include "6 members appointed by
the President, by and with the advice and consent of the
Senate." *Id.* § 30106(a)(1). However, "[n]o more than 3 members
of the Commission appointed under this paragraph may be
affiliated with the same political party." *Id.* "All decisions of
the Commission . . . shall be made by a majority vote of the
members of the Commission." *Id.* § 30106(c). Given the makeup of
the Commission, splits in votes, known as "deadlocks," occur
more frequently than other agencies. *See Pub. Citizen, Inc. v.
FERC*, 839 F.3d 1165, 1171 (D.C. Cir. 2016). "[The] FEC will
regularly deadlock as part of its *modus operandi*." *Id.*

To begin an investigation, four Commissioners must vote in
the affirmative, finding reason to believe "that a person has
committed, or is about to commit, a violation of [FECA]." 52
U.S.C. § 30109(a)(2). In the alternative, the Commission can
dismiss a complaint at any time in two ways: (1) "four or more
Commissioners can vote to find that there is 'no reason to
believe' a violation has occurred," *Campaign Legal Ctr. v.
45Committee, Inc.*, 118 F.4th 378, 382 (D.C. Cir. 2024); or (2)
"a majority of sitting Commissioners can vote to 'dismiss' the
matter, *id.* "[A] reason-to-believe vote resulting in a deadlock
will give rise to a dismissal only if a majority of

4

Commissioners separately vote[] to dismiss the complaint[.]" *Id.*
If the Commission finds no reason to believe or otherwise
terminates its proceedings, the Commissioners who voted against
taking that action issue a statement explaining their votes.
*Common Cause v. FEC*, 842 F.2d 436, 449 (D.C. Cir. 1988).[3] The
FEC's proceedings remain confidential until the proceedings are
terminated. 11 C.F.R. § 111.20-21.

If the Commission determines that no violation occurred or
dismisses the administrative complaint for some other reason,
the complainant has an opportunity to seek judicial review of
that determination. 52 U.S.C. § 30109(a)(8)(A). A complainant
may also seek judicial review should the Commission "fail to
act" on a complaint within 120 days. *Id.* If the court finds that
the Commission's dismissal or failure to act was "contrary to
law," the court can "direct the Commission to conform with
[that] declaration within 30 days." *Id.* § 30109(a)(8)(c).

---

[3] Assuming a reason-to-believe vote receives the required four
votes, and an investigation takes place, the FEC's General
Counsel is then authorized to recommend that the Commission vote
on whether there is "probable cause to believe" that FECA has
been violated. 52 U.S. C. § 30109(a)(3). The Court detailed the
process of finding probable cause to believe and the subsequent
actions the Commission must take in its prior Memorandum
Opinion. *See* Mem. Op., ECF No. 88 at 3-5. Since the pending
motion concerns the failed reason-to-believe votes, the Court
does not restate the additional steps in the FEC's review
process here.

**B. Factual Background**

Throughout the second half of 2018, Giffords and the
Campaign Legal Center ("CLC") filed four administrative
complaints with the FEC against the NRA.[4] *See* Compl., ECF No. 1
¶¶ 56, 60–63. On April 24, 2019, after the FEC failed to act on
Giffords' complaints for over 120 days, Giffords filed this suit
against the Commission, alleging that it failed to act on the
complaints under 52 U.S.C. § 30109(a)(8)(A). *See id.* ¶ 1. In
December 2019, the parties filed cross motions for summary
judgment. *See* FEC's Mot. to Dismiss or in the Alternative for
Summ. J., ECF No. 41; Pl.'s Cross-Mot. for Summ. J., ECF No. 48.

While the parties' cross motions for summary judgment were
pending, the Commission deliberated on the relevant MURs. *See*
FEC's Notice of Subsequent Developments ("FEC Notice"), ECF No.
84; FEC's Second Notice of Subsequent Developments ("FEC Second
Notice"), ECF No. 85. On February 9, 2021, the Commission
considered the MURs, and, at the conclusion of the discussion, a
Commissioner moved to find that there was no reason to believe
that a violation occurred in two of the MURs, 7427 and 7497. *See*
FEC Notice, ECF No. 84. The vote failed, resulting in a 2-3
deadlock with one recusal. *Id.* At the following session, on

---

[4] The relevant Matter Under Review ("MUR") numbers include 7427,
7497, 7524, and 7553. *See* Compl., ECF No. 1 ¶¶ 56, 60–63.

February 23, 2021, the FEC held a series of votes related to the four administrative matters at issue. *See* FEC Second Notice, ECF No. 85 at 1–2. By a vote of 3-2, the FEC deadlocked, failing to find reason to believe that a violation of law occurred in the four MURs at issue. *Id.* at 1. A second vote to find no reason to believe violations occurred in MURs 7524 and 7553 also deadlocked with a vote of 2-3 with one recusal. *Id.* at 1–2. Finally, by a vote of 2-3, the FEC rejected a motion to close the enforcement matters, which would have dismissed Gifford's administrative complaints. *Id.*

On September 30, 2021, the Court granted Giffords' Motion for Summary Judgment. *See* Mem. Op., ECF No. 88. The Court concluded that the FEC unreasonably delayed its consideration of Giffords' administrative complaints. *Id.* at 13. In reaching its conclusion, the Court found that the Commission's actions up until February 23, 2021, when the FEC deadlocked on the relevant MURs, were substantially justified. *Id.* at 30. However, given that the Commissioners had "already conducted one vote on all MURs at issue and two votes on two of the MURs—thereby demonstrating that the Commissioners [had] carefully considered and underst[ood] the facts, legal issues, and interests at stake—the Court [could not] find that the FEC's failure to take any action on the matters [during the 7 months following the February 2021 votes] [was] reasonable." *Id.* at 30-31.

7

Accordingly, the Court ordered the FEC to make a reason-to-believe determination as set forth in 52 U.S.C. § 30109(a)(2) within 30 days. *Id.* at 31.

When the FEC failed to conform within the 30-day period, the Court authorized Giffords to bring a civil action against the NRA, the administrative respondents. Order, ECF No. 75. On November 2, 2021, Giffords filed a citizen suit against the NRA, "mirror[ing] the legal theories set out in the complaints that Giffords had filed with the FEC." NRA Mot., ECF No. 90-1 at 23. Thereafter, the NRA moved for leave to intervene in this suit for the limited purpose of unsealing judicial records. NRA Mot. to Intervene for Limited Purpose & Mem. in Support, ECF No. 77. On December 13, 2021, the Court granted the NRA's motion to intervene and ordered the records to be unsealed. Minute Order (Dec. 13, 2021).

On August 29, 2022, the FEC voted to close the file, dismissing Giffords' administrative complaints, *see* Giffords' Opp'n, ECF No. 104 at 30 (citing FEC Certification MURs 7427, 7497, 7524 & 7553 (Aug. 31, 2022), https://perma.cc/275U-27HA); and on September 30, 2022, the FEC disclosed the matters' administrative files. *Id.*

Now, more than two years after this Court entered Final Judgment in favor of Plaintiff and after the FEC closed the administrative files, non-party NRA moves to vacate the Court's

8

September 30, 2021 Order, ECF No. 71; November 1, 2021 Order, ECF No. 75; and its Final Judgment, ECF Nos. 80, 81, pursuant to Rule 60(b)(4). *See* NRA Mot., ECF No. 90-1 at 8. The FEC filed a response to the NRA's motion on February 9, 2024. *See* FEC Response to Non-Party Mot. for Relief from J. ("FEC Response"), ECF No. 94.[5] On December 9, 2024, non-party NRA filed a supplemental statement of reasons, *see* NRA's Supplemental Statement of Points & Authorities in Support of its Mot. for Relief from Orders and J. ("NRA Supp. Brief"), ECF No. 102; to which the FEC responded on January 8, 2025, *see* FEC Response to Non-Parties' Supp. Statement ("FEC Supp. Response"), ECF No. 103. Giffords filed its opposition to the NRA's motion on January 10, 2025, *see* Giffords' Opp. to NRA's Mot. for Relief from Orders and J. Under Rule 60(b)(4) ("Giffords Opp."), ECF No. 104. The NRA filed it's Reply on January 17, 2025. *See* NRA Reply in Support of Mot. for Relief from Orders and J. ("NRA Reply"), ECF No. 106. The motion is now ripe for the Court's adjudication.

---

[5] The FEC's response "takes no position on the merits of [the NRA's] motion, but file[d] [its] response to controvert any insinuation of impropriety by agency counsel and to highlight certain relevant information in the record." FEC Response, ECF No. 94 at 1.

9

### III. Legal Standard

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" if the judgment is void. Fed. R. Civ. Proc. 60(b)(4). "Rule 60(b)(4) applies 'only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or a violation of due process that deprives a party of notice or the opportunity to be heard.'" *United States v. Phillip Morris USA Inc.*, 840 F.3d 844, 850 (D.C. Cir. 2016) (quoting *United Student Aird Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)).

### IV. Analysis

The NRA asserts that the Court should vacate its September 30, 2021 and November 1, 2021 Orders as well as its Final Judgment pursuant to Rule 60(b)(4) for two reasons. First, the NRA argues that this case was moot when the Court entered the Orders and Final Judgment, thereby rendering each void for lack of subject matter jurisdiction. *See* NRA Mot., ECF No. 90-1 at 32–43. Second, also asserting that the Court did not have subject matter jurisdiction, the NRA contends that this case lacked a sufficient adverse interest as required by Article III. *Id.* at 43–49.

### A. As a Non-Party, the NRA Lacks Standing to Bring a Rule 60(b) Motion

Before the Court addresses the merits of its motion, the Court must determine whether non-party NRA has standing to seek relief under Rule 60(b). The NRA argues that it is a proper movant under Rule 60(b) because it "is 'strongly affected' by the Orders and Judgment . . . [which] were entered as a direct result of the FEC's deception." NRA Mot., ECF No. 90-1 at 50 (citing *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 188 (2d Cir. 2006)). Emphasizing the plain text of Rule 60(b), Giffords asserts that relief under Rule 60(b) is only available to a party or its legal representatives, neither of which the NRA is here. *See* Giffords Opp'n, ECF No. 104 at 33-34. Moreover, even if this Circuit recognizes the *Grace* exception for "strongly affected" non-parties, Giffords argues that it would not apply here. *Id.* at 34-35.

The Court concludes that the NRA lacks standing to bring a Rule 60(b) motion in this case. The text of Rule 60(b) explicitly limits relief to parties and their legal representatives. Fed. R. Civ. Proc. 60(b); *see Ratner v. Bakery & Confectionery Workers Int'l Union of Am.*, 394 F.2d 780, 782 (D.C. Cir. 1968) ("Rule 60(b) by its own terms is available only to 'a party or is legal representative' seeking relief from a final judgment."). The NRA admits that it is not a party to this

11

lawsuit and does not contend that it is standing in as one of the parties' legal representatives. *See generally* NRA Mot., ECF No. 90-1 at 50. Rather, the NRA urges the Court to apply the Court of Appeals for the Second Circuit's ("Second Circuit") *Grace* exception, arguing that it may invoke Rule 60(b) because the Court's Orders and Judgment permitted Giffords to file a citizen suit against the NRA and were a result of the "FEC's deception." *Id.*

In *Grace*, the Second Circuit found that non-party Rule 60(b) movants were "sufficiently connected and identified with" the underlying stipulated settlement where "a judgment-proof, pro se defendant . . . inten[ded] at the time of the settlement to collect from [the movant]." *Grace*, 443 F.3d at 188. The court explicitly stated that its decision was limited to the facts of the case at hand. *Id.* Other circuits have allowed non-parties to bring Rule 60(b) motions on similar facts. *See, e.g.*, *Binker v. Com. of Pa.*, 977 F.2d 738 (3d Cir. 1992) (permitting nonparty employees affected by an EEOC settlement to contest the terms of the agreement); *Southerland v. Irons*, 628 F.2d 978 (6th Cir. 1980) (allowing a non-party's Rule 60(b) motion where the non-party alerted the court to fraud by an attorney).

While this Circuit has not explicitly rejected the *Grace* exception, it declined to apply it in *Agudas Casidei Chabad of U.S. v. Russian Fed'n*, 19 F.4th 472 (*Chabad II*) (D.C. Cir.

2021), *aff'g*, No. 05-cv-1548, 2020 WL 13611456 (*Chabad I*)
(D.D.C. Nov. 6, 2020). In *Chabad II*, the Court of Appeals for
the District of Columbia Circuit ("D.C. Circuit") concluded that
the *Grace* exception did not apply to a non-party movant where
there was no fraud or deception on the court, and the non-party
did not participate in the underlying litigation. *Id.* at 477.
Accordingly, the non-party could not invoke Rule 60(b) to void
the district court's judgment. *Id.*

Even assuming the D.C. Circuit would recognize the *Grace*
exception in similar situations,[6] the Court concludes that it
would not apply here. The NRA argues that the Court's Orders and
Judgment were entered as a direct result of the FEC's deception
as to the status of the relevant MURs, calling this litigation
"collusive." NRA Mot., ECF No. 90-1 at 50. However, the record
indicates that the FEC kept the Court, and the Plaintiff,
informed on the voting and status of the MURs at issue at all
relevant times. *See* FEC Response, ECF No. 94 at 5. There is no
evidence establishing that Giffords and the FEC engaged in
"collusive litigation," giving rise to a finding of fraud on the
Court. Moreover, unlike the non-party movant in *Grace,* where the
court's judgment effectively bound the movant to the underlying

---

[6] Notably, the D.C. Circuit has previously rejected supplementing
rules containing precise terms with *ad hoc* exceptions not in the
text. *See McKeever v. Barr*, 920 F.3d 842, 847 (D.C. Cir. 2019).

13

settlement agreement, the Court's Orders and Judgment in this case have no effect on the NRA other than the end-result of it having to defend itself in a citizen suit.

Finally, the NRA argues that its status as a non-party is irrelevant because the Court has an independent obligation to address challenges to subject matter jurisdiction. *See* NRA Mot., ECF No. 90-1 at 51 (citing *Jackks Pacific, Inc. v. Accavek, LLC*, 270 F. Supp. 3d 191, 196 n. 4 (D.D.C. 2017)). In response, Giffords argues that the D.C. Circuit's decision in *Agudas* made it clear that it is irrelevant whether the non-party movant is raising jurisdictional claims where the non-party lacks standing to bring a Rule 60(b) motion. *See* Giffords Opp'n, ECF No. 104 at 36-37. The Court agrees.

While the district court in *Chabad I* addressed the non-party's jurisdictional arguments even after concluding that it could not seek vacatur under Rule 60(b), 2020 WL 13611456, at *12-15; the D.C. Circuit ended its analysis after concluding that the non-party was not a proper Rule 60(b) movant, *Chabad II,* 19 F.4th at 477 (dismissing appeal for lack of jurisdiction). The D.C. Circuit doubled down when confronted with another appeal in the same case. *See Agudas Chasidei Chabad of U.S. v. Russian Federation*, 110 F.4th 242, 247 (*Chabad III*) (D.C. Cir. 2024). The Court reiterated that in *Chabad II* it held that "regardless of the district court's jurisdiction over [the

14

Defendant], [the non-party] could not invoke Rule 60(b) to void

the judgments[.]" *Id.* (emphasizing that a non-party's inability

to attack a judgment through a Rule 60(b) motion does not

foreclose it from ever raising jurisdictional arguments if it

has the proper vehicle).

Because the NRA lacks standing to bring a Rule 60(b) motion

as a non-party, the Court denies its motion for lack of

jurisdiction.

## V.    Conclusion and Order

For the reasons set forth above, it is hereby

**ORDERED** that non-party NRA's Motion for Relief from Orders

and Judgment, ECF No. 90, is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion for Leave to File Surreply,

ECF No. 107, is **DENIED**.

**SO ORDERED.**

Signed:    **Emmet G. Sullivan**
           **United States District Judge**
           **April 22, 2025**