NOT SCHEDULED FOR ORAL ARGUMENT

**No. 25-5188**

**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

GIFFORDS,

*Plaintiff-Appellee*,

*v.*

FEDERAL ELECTION COMMISSION,

*Defendant-Appellee*,

NATIONAL RIFLE ASSOCIATION OF AMERICA, *et al.*,

*Appellants.*

On Appeal from the United States District Court
for the District of Columbia, No. 1:19-cv-01192-EGS
Before the Honorable Emmet G. Sullivan

**PLAINTIFF-APPELLEE GIFFORDS'S MOTION
TO DISMISS OR, IN THE ALTERNATIVE, FOR
SUMMARY AFFIRMANCE**

Adav Noti
Kevin P. Hancock
Daniel S. Lenz
Kunal Dixit
CAMPAIGN LEGAL CENTER ACTION
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200
khancock@campaignlegalcenter.org

*Counsel for Plaintiff-Appellee*

## CERTIFICATE AS TO PARTIES,
## RULINGS, AND RELATED CASES

Pursuant to Circuit Rule 28(a)(1), Appellee Giffords submits its Certificate as to Parties, Rulings, and Related Cases.

**(A) Parties and Amici.** Giffords is the Plaintiff in the district court and an Appellee in this Court. Pursuant to Circuit Rule 26.1, Giffords certifies that it is a nonpartisan, nonprofit 501(c)(4) organization that has no parent companies, does not issue stock, and in which no publicly held corporation has any form of ownership interest. Giffords is dedicated to saving lives from gun violence; to that end, Giffords researches, writes, and proposes policies designed to reduce gun violence and mobilizes voters and lawmakers in support of safer gun laws.

Federal Election Commission is the Defendant in the district court and an Appellee in this Court.

National Rifle Association of America and National Rifle Association of America Political Victory Fund, which were not parties in the district court, were movants in the district court, and are the Appellants in this Court.

**(B) Rulings Under Review.** The ruling under review is the Memorandum Opinion and Order (ECF No. 112) entered April 22, 2025 by the U.S. District Court for the District of Columbia (Sullivan, J.) denying Appellants' Motion for Relief from Orders and Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4).

The April 22, 2025, Memorandum Opinion and Order is not published in the federal reporter.

**(C) Related Cases.** The appealed ruling has not previously been before this Court or any other court. There is one related case currently pending before the U.S. District Court for the District of Columbia: Appellee Giffords's lawsuit pursuant to 52 U.S.C. § 30109(a)(8)(C) against the National Rifle Association of America Institute for Legislative Action and Appellant National Rifle Association of America Political Victory Fund, *see* No. 1:21-cv-2887-LLA (D.D.C.).

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

STATEMENT OF THE CASE..............................................................................3

ARGUMENT ..........................................................................................................5

    I.      The NRA's appeal should be dismissed. ...................................................5

        A.  The NRA's appeal is procedurally barred because it was not a party in the case below...........................................................................5

        B.  The NRA's appeal is jurisdictionally barred because it lacks an Article III injury...........................................................................10

    II.     In the alternative, the district court's order should be summarily affirmed........................................................................................12

        A.  The district court properly held that a non-party is not entitled to relief under Rule 60(b)(4)..............................................................13

        B.  The district court properly declined to apply an out-of-circuit case finding a limited exception to the plain text requirement of Rule 60(b).......................................................................................14

        C.  The district court properly found that its own obligation to ensure jurisdiction did not cure the procedural deficiency in the NRA's motion........................................................................................18

CONCLUSION .....................................................................................................20

## TABLE OF AUTHORITIES

**Cases**                                                                **Pages**

*Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328 (D.C. Cir. 2015) ................15

*Agudas Chasidei Chabad of U.S. v. Russian Federation*, 1:05-cv-1548-RCL,
    2020 WL 13652608 (D.D.C. July 28, 2020) .........................................15, 18, 19

*Agudas Chasidei Chabad of U.S. v. Russian Federation*, 1:05-cv-1548-RCL,
    2020 WL 13611456 (D.D.C. Nov. 6, 2020) ....................................................18, 19

*Agudas Chasidei Chabad of U.S. v. Russian Federation*, 19 F.4th 472
    (D.C. Cir. 2021) .............................................................................13, 14, 15, 18

*Agudas Chasidei Chabad of U.S. v. Russian Federation*, 110 F.4th 242
    (D.C. Cir. 2024) .................................................................................................19

*American Society for Prevention of Cruelty to Animals v. Feld Entertainment, Inc.*,
    659 F.3d 13 (D.C. Cir. 2011) ...........................................................................11

*Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) ..............................10

*ASARCO Inc. v. Kadish*, 490 U.S. 605 (1989) .........................................................10

*Bender v. Williamsport Area School District*, 475 U.S. 534 (1986) .......................10

*Blossom v. Milwaukee & Chicago R.R. Co.*, 68 U.S. 655 (1863)..............................7

*Bridgeport Music, Inc. v. Smith*, 714 F.3d 932 (6th Cir. 2013)........................14, 15

*Broidy Capital Management LLC v. Muzin*, 61 F.4th 984 (D.C. Cir. 2023)..............6

*Devlin v. Scardelletti*, 536 U.S. 1 (2002) ........................................................6, 7, 8

*Diamond v. Charles*, 476 U.S. 54 (1986)....................................................9, 10, 11

*Dick v. IRS*, No. 86-5441, 1987 WL 60208 (D.C. Cir. Jan. 13, 1987)...................13

*Ericsson, Inc. v. InterDigital Communications Corporation*,
    418 F.3d 1217 (Fed. Cir. 2005) ......................................................................14

*Equal Employment Opportunity Commission v. National Children's Center, Inc.*,
    146 F.3d 1042 (D.C. Cir. 1998) .........................................................................9

*FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024)..........................11

v

*Federman v. Artzt*, 339 F. App'x 31 (2d Cir. 2009) ................................................ 16

*Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572 (D.C. Cir. 1980) ............ 18

\*Grace v. Bank Leumi Trust Co. of New York*, 443 F.3d 180 (2d Cir. 2006) .. 14, 15, 16, 17

*Hinckley v. Gilman, Clinton, & Springfield R.R. Co.*, 94 U.S. 467 (1876) .......... 7, 8

*Hollingsworth v. Perry*, 570 U.S. 693 (2013) .......................................................... 10

*Liberty Mutual Insurance Co. v. Travelers Indemnity Co.*, 78 F.3d 639 (D.C. Cir. 1996) ....................................................................................... 10

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ............................................. 10

*Marino v. Ortiz*, 484 U.S. 301 (1988) ....................................................................... 9

*Nuclear Regulatory Commission v. Texas*, 605 U.S. __ (2025) .............................. 6

*Ratner v. Bakery & Confectionery Workers International Union of America*, 394 F.2d 780 (D.C. Cir. 1968) ............................................................... 13

*Screven v. United States*, 207 F.2d 740 (5th Cir. 1953) ........................................ 14

*Smalls v. United States*, 471 F.3d 186 (D.C. Cir. 2006) .................................... 8, 12

*Stavenger v. Jay Ryan Enterprises, Inc.*, No. 07-cv-03514-ADM-RLE, 2015 WL 1189817 (D. Minn. Mar. 16, 2015) .................................................. 15

*Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294 (D.C. Cir. 1987) .................... 12

*United States v. 8136 S. Dobson Street*, 125 F.3d 1076 (7th Cir. 1997) ................ 14

*United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72 (1988) ................................................................................... 7

*United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928 (2009) .............. 6

*United States v. LTV Corporation*, 746 F.2d 51 (D.C. Cir. 1984) ............................ 6

*U.S. Industries, Inc. v. Blake Construction Co.*, 765 F.2d 195 (D.C. Cir. 1985) .... 20

**Statutes & Rules**

52 U.S.C. § 30109(a)(8)(C) ........................................................... iii, 4, 17

Fed. R. Civ. P. 24(a)..................................................................................18

Fed. R. Civ. P. 60(b) ............................................. 2, 5, 12, 13, 14, 15, 16, 18, 19, 20

## GLOSSARY OF ABBREVIATIONS

| | |
|---|---|
| **FEC** | Federal Election Commission |
| **FECA** | Federal Election Campaign Act |
| **NRA** | National Rifle Association of America and National Rifle Association of America Political Victory Fund |

## INTRODUCTION

In this appeal, the National Rifle Association of America and an affiliate (together, "the NRA") seek to relitigate, years after the fact, a judgment that does not bind them, in a case to which they are not parties, through a procedural mechanism that is explicitly unavailable to them. Accordingly, this Court should dismiss this appeal or, in the alternative, summarily affirm the district court's Rule 60(b) motion denial.

In 2019, Giffords sued the Federal Election Commission ("FEC" or "Commission") for its failure to act on Giffords's complaints detailing alleged campaign finance violations by two NRA affiliates and several federal candidates (the "delay suit"). In 2021, the district court found that the FEC had failed to comply with its obligation to pursue those matters and subsequently failed to conform to the court's order. That permitted Giffords to bring a separate civil action against those NRA affiliates and candidates (the "citizen suit").[1] Having not sought to participate in the delay suit to that point, the NRA then successfully moved to intervene, but only for the limited purpose of unsealing the judicial record. In so doing, the NRA expressly disclaimed any participation in the merits of the delay suit. But in 2024,

---

[1]     Appellants are the National Rifle Association of America and an affiliate, the National Rifle Association of America Political Victory Fund. The National Rifle Association of America Political Victory Fund along with another affiliate, the National Rifle Association Institute for Legislative Action, are defendants in the related citizen suit.

1

twenty-six months after the district court's judgment, the NRA brought a Rule 60(b) motion seeking to void the district court's judgment altogether. It now appeals the denial of that motion.

This appeal should be dismissed. The NRA is procedurally barred from appealing the district court's denial because it was not a party below. And it cannot acquire party status for the purposes of appeal because it was not bound by the district court's judgment or, by definition, the court's decision not to revisit it: the delay suit judgment concerns *the FEC*'s conduct and does not finally dispose of any right or claim *the NRA* might have. The Federal Election Campaign Act ("FECA") establishes a separate forum in which the NRA affiliates may defend themselves: the citizen suit. This appeal is also jurisdictionally barred because the NRA was not adversely affected by the order below.

Even if this Court does not dismiss the appeal, it should summarily affirm the district court's denial of the NRA's Rule 60(b) motion on related but distinct grounds. *First*, the language of Rule 60(b) and the established law of this Circuit make clear that only a party may seek vacatur, and the NRA concedes that it is not a party. *Second*, the district court correctly declined to adopt the Second Circuit's narrow exception, which, in any event, does not apply here. *Third*, the district court's obligation to ensure jurisdiction did not cure the procedural deficiency in the NRA's motion.

2

## STATEMENT OF THE CASE

In 2018, Plaintiff-Appellee Giffords, an organization dedicated to gun safety, filed four administrative complaints with the FEC. Giffords's complaints alleged a long-running scheme by the National Rifle Association of America Political Victory Fund and National Rifle Association Institute for Legislative Action to evade campaign finance regulations by using shell corporations to make coordinated campaign contributions in violation of FECA.

After the FEC failed to act on Giffords's complaints for more than 120 days, Giffords sued under 52 U.S.C. § 30109(a)(8)(A), alleging that the Commission's failure to timely determine whether there was "reason to believe" there had been FECA violations was contrary to law. After a period of discovery, Giffords and the FEC filed cross-motions for summary judgment. While those motions were pending, the FEC filed several notices—under seal, to maintain FECA-required confidentiality of open enforcement proceedings—informing the district court of the Commission's ongoing handling of Giffords's complaints.

On September 30, 2021, the district court issued a memorandum opinion and order, carefully applying the relevant legal tests to the facts and finding "the FEC has unreasonably delayed its consideration of Plaintiff's administrative complaints."

3

ECF No. 88 at 13.[2] The district court ordered the FEC to conform with its order within 30 days by determining whether Giffords's complaints provided "reason to believe" FECA violations had occurred. *Id.* at 31. When the Commission failed to do so, the district court authorized Giffords to file the citizen suit under 52 U.S.C. § 30109(a)(8)(C), which Giffords did shortly after. *See Giffords v. Nat'l Rifle Ass'n of Am. Pol. Victory Fund*, No. 1:21-cv-02887 (LLA) (D.D.C. Nov. 2, 2021), ECF No. 1.

Eleven days after the district court found that the FEC failed to conform, on November 12, 2021, the NRA moved to intervene in this case—not as a party, but "for the limited purpose of unsealing the judicial records." ECF No. 77. The NRA's motion made clear it was seeking to intervene "not to litigate a claim on the merits, but only for the limited purpose of obtaining access to documents." *Id.* at 8. Final judgment was entered six days later, on November 18, 2021. ECF No. 81. On December 13, 2021, the district court granted the NRA's motion, specifying that the NRA was granted "permissive intervention for the purpose of unsealing the judicial record" and unsealed the record. *See* Minute Order (Dec. 13, 2021). No party appealed the final judgment.

---

[2]     The NRA filed the district court's memorandum opinion with this Court on June 26, 2025. Citations to electronic documents in this motion refer to the ECF number in the district court and the internal pagination of the document.

More than two years after final judgment, on January 26, 2024, the NRA—properly designating itself as a non-party—filed a Motion for Relief from Orders and Judgment ("Motion") under Federal Rule of Civil Procedure 60(b)(4), arguing that the district court's order on summary judgment, authorization of the citizen suit, and final judgment were void for lack of subject matter jurisdiction. ECF No. 90. The Motion argued the case became moot before the district court entered the orders and judgment, and there was no case or controversy. *Id.*; ECF No. 90-1. Following a stay, on April 22, 2025, the district court issued a Memorandum Opinion and Order, ECF No. 112 ("Op."). The district court held that the NRA "lack[ed] standing to bring a Rule 60(b) motion as a non-party" and denied the Motion for lack of jurisdiction. The NRA thereafter filed a Notice of Appeal. ECF No. 113.

## ARGUMENT

### I.    The NRA's appeal should be dismissed.

The NRA's appeal is procedurally and jurisdictionally barred. *First*, because the NRA was not a party to the action below, its appeal is precluded by this Court's rule barring non-party appeals. *Second*, because the NRA lacks a legally cognizable injury, its appeal is also barred by Article III.

#### A.    The NRA's appeal is procedurally barred because it was not a party in the case below.

Under "the general rule against non-party appeals," "those who object to [a judgment] must seek to intervene in the proceedings . . . as a condition of taking an

5

appeal." *United States v. LTV Corp.*, 746 F.2d 51, 54 (D.C. Cir. 1984). That is because "intervention is the requisite method for a nonparty to become a party to a lawsuit." *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009). The Supreme Court recently reaffirmed this basic principle:

> [A] nonparty who wishes to appeal from a district court decision ordinarily must seek to intervene in the district court proceeding. If the district court denies that intervention motion, the nonparty may appeal the denial of intervention. But the nonparty may not obtain appellate review of any final order of the district court in the underlying proceeding unless and until the denial of intervention is reversed.

*Nuclear Regul. Comm'n v. Texas*, 605 U.S. __ (2025) (slip op., at 12-13). This rule "is a procedural requirement that appellate courts must address separately from issues of standing or jurisdiction." *Broidy Cap. Mgmt. LLC v. Muzin*, 61 F.4th 984, 990 (D.C. Cir. 2023) (citing *Devlin v. Scardelletti*, 536 U.S. 1, 7 (2002)).

The NRA was not a party to the action below and did not intervene to litigate a claim or defense on the merits, so its appeal is procedurally improper. Rather than "become a party to a lawsuit," *Eisenstein*, 556 U.S. at 933, the NRA intervened only to unseal the record. *See* ECF No. 77 at 8 ("[M]ovants seek permissive intervention not to litigate a claim on the merits, but only for the limited purpose of obtaining access to documents covered by seal or a protective order."). The district court granted intervention only for this limited purpose and subsequently unsealed the record, effectively terminating the NRA's participation in the case. Minute Order (Dec. 13, 2021). As the district court found, and the NRA has never contested, *see*

Op. at 11; ECF No. 90-1 at 43, it was not a party in the case below, and, therefore, its appeal is barred by the general rule.

Nor does the NRA fall within the narrow exception to this rule. A non-named party may nevertheless appeal if they are "bound by the order from which they [a]re seeking to appeal." *Devlin*, 536 U.S. at 8. Put differently, "the label 'party' applies also to those bound by an underlying order who participated in the trial court under 'the applicability of various procedural rules . . . based on [the] context' of the underlying proceedings." *Muzin*, 61 F.4th at 991 (quoting *Devlin*, 536 U.S. at 10).

The Supreme Court has accordingly recognized only narrow scenarios where non-parties become "parties" for the purposes of appeal: (1) a bidder in a foreclosure sale could appeal the denial of his request to complete the sale, *Blossom v. Milwaukee & Chicago R.R. Co.*, 68 U.S. 655, 656 (1863); (2) an appointed receiver to a foreclosure sale could appeal an order directing him to pay an unsettled balance of funds, *Hinckley v. Gilman, Clinton, & Springfield R.R. Co.*, 94 U.S. 467, 469 (1876); (3) a non-party witness could appeal an order finding them in contempt, *U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*, 487 U.S. 72, 76 (1988); and, most recently, (4) a non-named class member could appeal approval of a settlement over his objections at fairness hearing, *Devlin*, 536 U.S. at 9.

In each case, the non-party became a "party" for purposes of appeal only by virtue of being bound by the order below. *See id*. And in each case, the Court limited

the appellant's challenge to the extent to which it was bound—that is, to the extent to which it was a "party" at all. *See Hinckley*, 94 U.S. at 469 ("The receiver cannot and does not attempt to appeal from the decree of foreclosure, or from any order or decree of the court, except such as relates to the settlement of his accounts."); *Devlin*, 536 U.S. at 9 (same)

The NRA cannot claim party status for the purposes of this appeal because it is not bound by the order below. *First*, the order "d[oes] not finally dispose of any right or claim [the NRA] might have." *Devlin*, 536 U.S. at 9. The delay suit concerns whether *the FEC* complied with—and if not, whether it conformed to—its obligations under FECA, not whether the NRA did the same. Any disposition of *the NRA's* rights occurs in the citizen suit, in which the NRA affiliates are free to appeal an adverse judgment.[3] Thus, the NRA's appeal is fundamentally unlike the challenges in cases that permitted appeals by non-named parties. In *Hinckley*, for example, the appellant was challenging an order directing him to make a substantial payment. 94 U.S. at 468-69. In *U.S. Catholic Conference*, the appellants were challenging an order holding them in civil contempt. 487 U.S. at 76. And in *Devlin*,

---

[3]    To be sure, some of the NRA's objections to the delay suit court's jurisdiction may not be subject to challenge in the citizen suit. *See, e.g.*, *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). But the NRA could have pursued intervention to raise those objections in the delay suit. Given that the NRA lacked an Article III injury, *see supra* Section I.B, there are doubts as to whether intervention would have been granted. But to the extent that the NRA could *not* have intervened, it is seeking to circumvent the delay suit court's jurisdictional limits, not enforce them.

as the Court observed, "[t]he District Court's approval of the settlement—which binds petitioner as a member of the class—amounted to a 'final decision of [petitioner's] right or claim[.]'" 536 U.S. at 9 (quoting *Williams v. Morgan*, 111 U.S. 684, 699 (1884)).

*Second*, the relief the NRA seeks goes beyond any "party" status it could conceivably have. Consider the three specified forms of relief the NRA requested: vacatur of (1) the district court's order that *the FEC* conform by making a reason-to-believe determination, (2) the district court's finding that *the FEC* failed to conform with that order, and (3) the district court's entry of final judgment in Giffords's favor (and against *the FEC*). *See* ECF No. 90 at 2. Each element of relief would vindicate the FEC's interests, not the NRA's.

If the NRA wished to participate in the merits of the case, it had every opportunity to seek intervention. *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988) ("We think the better practice is for such a nonparty to seek intervention for purposes of appeal; denials of such motions are, of course, appealable."). But the NRA chose not to do so, avoiding the burdens of—and jurisdictional limits on—participating in the case.[4] It cannot now step into the shoes of a party for purposes of appeal. This

---

[4]     For example, the NRA never claimed, let alone established, that it had standing to seek full intervention, *see* ECF No. 77 at 7-8; *Diamond v. Charles*, 476 U.S. 54, 71 (1986), or that the district court had an independent basis for jurisdiction, *see* ECF No. 77 at 8-9; *Equal Emp. Opportunity Comm'n v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).

Court should deny the NRA's attempt to end-run the procedural rules governing third-party participation, which are themselves meant to enforce the jurisdictional and prudential limits on courts.

### B. The NRA's appeal is jurisdictionally barred because it lacks an Article III injury.

This Court should also dismiss the NRA's appeal because it lacks Article III standing. Just as plaintiffs must have standing to pursue relief, "standing 'must be met by persons seeking appellate review.'" *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997)). The same rule applies regardless of the appellant's role in the case below. *See Arizona*, 520 U.S. at 64-65 (intervenors' standing to appeal was dubious because they likely lacked a concrete injury); *ASARCO Inc. v. Kadish*, 490 U.S. 605, 618-21 (1989) (analyzing petitioners' standing although they were defendants in the original state court action); *Diamond v. Charles*, 476 U.S. 54, 62-66 (1986) (since appellant did not have a direct stake in the outcome, he failed to satisfy Article III standing requirements); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-43 (1986). To have standing, the appellant must demonstrate that there is an "injury in fact." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). When the appellant was not the plaintiff below, they have "standing to appeal 'if the appellant can show an adverse effect of the judgment.'" *Liberty Mut. Ins. Co. v. Travelers Indem. Co.*, 78 F.3d 639, 642 (D.C. Cir. 1996) (quoting 15A C.

Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3902, at 63 (1992)).

The NRA cannot establish a sufficient injury for Article III standing because, as discussed *supra*, it is not affected by the judgment in the case below. The only potential consequence to the NRA is that it may have to defend the following citizen suit. Involvement in litigation is not sufficient to confer standing. *Am. Soc'y for Prevention of Cruelty to Animals v. Feld Ent., Inc.*, 659 F.3d 13, 25 (D.C. Cir. 2011); *see also FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 370 (2024). The NRA has therefore not suffered an Article III injury. And the prospect of future litigation is likewise insufficient. If the NRA ultimately prevails in the citizen suit, its only "injury" will be unrecovered litigation costs, if any, which do not suffice to establish standing. *See Diamond*, 476 U.S. at 70-71. And if the NRA is ultimately held liable in the citizen suit, any "injury" will be rooted only in its own violation of the campaign finance laws and would be appealable in that suit. Nor can the NRA claim informational injury, which was the basis for its limited intervention. That injury, which was rooted in the "sealed nature of the judicial records," ECF No. 77 at 7, was fully redressed when the district court unsealed them. *See* Minute Order (Dec. 13, 2021).

The Court should thus dismiss this appeal because the NRA lacks standing.

11

## II.    In the alternative, the district court's order should be summarily affirmed.

Even if this Court decides not to dismiss this appeal as improper, it should nonetheless summarily affirm the decision of the district court denying the NRA's Rule 60(b)(4) motion because the district court's decision was plainly correct. Summary disposition is warranted where the merits of the movant's case "are so clear that expedited action is justified." *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987) (citing *Walker v. Washington*, 627 F.2d 541, 545 (D.C. Cir.), *cert. denied*, 449 U.S. 994 (1980). This Court reviews the denial of a Rule 60(b) motion for abuse of discretion, though it reviews questions of law de novo. *Smalls*, 471 F.3d at 191. Here, the district court properly applied this Court's binding precedent in finding that a non-party is not entitled to bring a motion under Rule 60, and "no benefit will be gained from further briefing and argument of the issues presented," making summary affirmance appropriate for three reasons. *Taxpayers Watchdog, Inc.*, 819 F.2d at 298. (internal citation omitted). *First*, the district court correctly applied the plain language of Rule 60(b), which limits relief under that Rule to parties or their legal representatives. *Second*, the district court clearly did not err by declining to adopt, contrary to this Court's precedent, the Second Circuit's narrow exception to the text of Rule 60(b). *Third and finally*, the district court's independent obligation to ensure it has Article III jurisdiction did not excuse the NRA's improper motion.

12

## A.    The district court properly held that a non-party is not entitled to relief under Rule 60(b)(4).

The district court's decision that the NRA, as a non-party in the case below, was not entitled to bring a motion under Rule 60 was plainly correct. *Dick v. IRS*, No. 86-5441, 1987 WL 60208, at *1 (D.C. Cir. Jan. 13, 1987) (per curiam). As the district court stated, Op. at 11, Rule 60(b) is explicitly limited to parties and their legal representatives: "On motion and just terms, the court may relieve *a party or its legal representative* from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). Consequently, this Court has repeatedly held that relief under "Rule 60(b) by its own terms is available only to 'a party or [its] legal representative.'" *Ratner v. Bakery & Confectionery Workers Int'l Union*, 394 F.2d 780, 782 (D.C. Cir. 1968) (quoting *id.*); *see also Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 19 F.4th 472, 477 ("*Chabad II*") (D.C. Cir. 2021) (same).

In giving effect to the words of Rule 60(b), the district court acted in accordance with this line of holdings. In *Ratner*, this Court held that a district court had lost jurisdiction following the settlement of a class action, and jurisdiction could not be revived by a non-party Rule 60 motion because the movants "were not parties to the judgment or to the cause in which the judgment was entered." 394 F.2d at 782. More recently, in *Chabad II*, this Court did the same, relying on the language of Rule 60(b) to affirm a denial of a non-party Rule 60(b) motion. *Chabad II*, 19 F.4th at 477. Other federal courts of appeals have similarly applied Rule 60(b) to preclude

13

nonparties from filing such motions. *See, e.g.*, *Screven v. United States*, 207 F.2d 740, 741 (5th Cir. 1953); *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 940 (6th Cir. 2013); *Ericsson, Inc. v. InterDigital Commc'n Corp.*, 418 F.3d 1217, 1224 (Fed. Cir. 2005); *United States v. 8136 S. Dobson St.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

The NRA was neither a party to the case below nor the legal representative of any party, and thus is not entitled to relief under Rule 60(b). *See Chabad II*, 19 F.4th at 477. The NRA declined to attempt to fully intervene, although it was certainly aware of the proceedings. *See id.*; *see also Ericsson Inc.*, 418 F.3d at 1224 ("Without intervention, there is no proper party with standing to be afforded relief under Rule 60(b)."). Pursuant to binding precedent in this circuit, NRA was therefore not entitled to move under Rule 60(b) and the district court's denial on this basis was plainly correct.

**B.  The district court properly declined to apply an out-of-circuit case finding a limited exception to the plain text requirement of Rule 60(b).**

The district court's decision not to apply the atextual exception to the plain language of Rule 60(b) from *Grace v. Bank Leumi Trust Co. of New York*, 443 F.3d 180 (2d Cir. 2006) was also clearly correct. Op. 12-14. In *Grace*, the Second Circuit created "an exceedingly narrow exception" to Rule 60(b) that the court "limit[ed] . . . to the facts of this case." 443 F.3d at 188. This Court, however, has not recognized any such exception. To the contrary, in *Chabad II*, this Court affirmed the decision

14

of a district court declining to do so. *Chabad II*, *aff'g* No. 05-cv-1548-RCL, 2020 WL 13652608 ("*Chabad I*") (D.D.C. July 28, 2020). In *Chabad I*, the district court considered the *Grace* exception, including the language from that case noting it had "carve[d] out an exceedingly narrow exception to the well-established rule that litigants, who were neither a party, nor a party's legal representative to a judgment, lack standing to question a judgment under Rule 60(b)." *Chabad I*, 2020 WL 13652608, at *1 (quoting *Grace*, 443 F.3d at 189) (modification in original). Ultimately, the district court "follow[ed] the plain language" and denied the non-party's Rule 60(b)(4) motion. *Id.* This Court affirmed. 19 F.4th at 477. As the district court noted here, this followed the D.C. Circuit's general practice of declining to create or adopt *ad hoc* exceptions to the Rules. Op. at 13 n.6; *see also Abbas v. Foreign Pol'y Grp., LLC*, 783 F.3d 1328, 1335 (D.C. Cir. 2015). Both the Eighth and Sixth Circuit have likewise considered, but not adopted, such an exception. *See Bridgeport*, 714 F.3d at 941 (noting that Court was not adopting the *Grace* exception but finding it would not apply); *see also Stavenger v. Jay Ryan Enters., Inc.*, No. 07-cv-03514-ADM-RLE, 2015 WL 1189817, at *3 (D. Minn. Mar. 16, 2015). ("Moehlenbrock cites to no Eighth Circuit precedent, and the Court is aware of none, that permitted flexible application of the plain language of 'a party or its legal representative.'"). Given that this Court, like others, has declined to adopt any such

15

exception, the district court's decision to apply Rule 60(b)'s text as written was clearly correct.

Even if this Court recognized a limited exception to Rule 60(b), the district court correctly determined that such an exception did not apply. *Grace*, by its terms, was "limit[ed] . . . to the facts of [that] case." 443 F.3d at 188. The facts giving rise to the rule in *Grace* were extraordinary:

> where plaintiffs enter into a settlement agreement with a judgment-proof, pro se defendant with the intent at the time of the settlement to collect from a third party that allegedly received fraudulent conveyances, and further, they attempt to use the judgment as a predicate for a fraudulent conveyance action against the third party, the third party is "strongly affected" by the judgment and entitled to standing to bring a Rule 60(b) motion.

*Id.*

The Second Circuit has declined to extend *Grace* beyond these unusual facts. *See, e.g.*, *Federman v. Artzt*, 339 F. App'x 31, 33-34 (2d Cir. 2009) (summary order). Plainly, nothing similar occurred here. In the case below, Giffords alleged the FEC acted contrary to law in its failure to timely determine whether there was reason to believe the NRA violated FECA. No party was either judgment-proof or proceeding pro se, nor is there any evidence of an intent to collect from a third party. There was no settlement, nor has any party alleged a fraudulent conveyance. *See id.* at 34. And as with all contrary-to-law cases, there was no judgment for damages. While the NRA has previously claimed that the parties colluded in this litigation, ECF 90-1 at

16

36-42, the district court correctly noted this was based on nothing but speculation, and that the FEC continuously kept the court informed on relevant proceedings. ECF No. 94 at 5; Op. at 13. Unlike in *Grace*, the judgment here was not the "result of a settlement process devoid of due process protections and marred by serious procedural shortcomings," 443 F.3d at 189, but instead the result of lengthy and fulsome litigation. The district court received evidence and argument from the parties and made a reasoned decision, carefully applying the law to the facts. ECF 88 at 11-3; Op. at 13-14. The NRA was aware of the proceeding and declined to intervene as a party. Therefore, even if this Court had adopted it, the *Grace* exception would not apply.

Moreover, the NRA is not "strongly affected" by the judgment in this case. The judgment does not require the NRA to do or to abstain from any act, and the underlying decision turns on the FEC's conduct, not the NRA's. The only way in which the NRA can claim that it was affected by the judgment in this case is that it enabled Giffords to file its citizen suit, which the NRA is defending—precisely the outcome Congress envisioned, *see* 52 U.S.C. § 30109(a)(8)(C). The NRA's newfound claim to an interest so profound that it would justify operating outside the text of Rule 60(b) is belied by its extensive delay. The NRA's decision to sit on its hands until 2024—twenty-six months after judgment—is at odds with any argument it may have that it was "strongly affected" by the events in this case, as was its

17

decision not to intervene as a party. *See* Fed. R. Civ. P. 24(a); *see Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) ("Rule 60(b) cannot, therefore, be employed simply to rescue a litigant from strategic choices."). The district court's decision to abide by the text of Rule 60(b) was plainly correct and should be affirmed.

### C.    The district court properly found that its own obligation to ensure jurisdiction did not cure the procedural deficiency in the NRA's motion.

Finally, the district court correctly held that the NRA's non-party Rule 60(b)(4) motion was improper notwithstanding the court's obligation to ensure jurisdiction. In *Chabad II*, this Court affirmed the district court's denial of a non-party's Rule 60(b)(4) motion because the movant was not a party to the judgment, 19 F.4th at 473, even though the non-party argued that the district court lacked subject matter jurisdiction. *See Chabad III*, 2020 WL 13611456, at \*9 (denying stay of discovery pending appeal); *see also Chabad II*, 2020 WL 13652608, at \*1-2 (denying motion under Rule 60(b)(4)-(6)); *see also* Op. at 14. In *Chabad III*, the district court persuasively explained that the movant's non-party status was an independent and sufficient reason to deny the Rule 60 motion, once again grounding its holding in the plain text of the Rule:

> [Movant's] arguments about subject-matter jurisdiction are clearly wrong, as discussed below. But more fundamentally, [Movant] does not even have standing to deploy those arguments via a Rule 60(b) motion. Rule 60(b) states that "on motion ... the court may relieve a party or its

legal representative from a final judgment." Fed. R. Civ. P. 60(b). So may anyone in the world make such a motion to secure relief for a party or its legal representative? No.

*Chabad III*, 2020 WL 13611456, at *9. To the extent there was any doubt, this Court resolved it later in the *Chabad* litigation, when it made clear that the non-party movant was not entitled to bring a Rule 60(b)(4) motion, though it was able to raise jurisdictional issues though a different, appropriate, procedural mechanism. *Agudas Chasidei Chabad of U.S. v. Russian Fed'n* ("*Chabad IV*")*, 110 F.4th 242, 247 (D.C. Cir. 2024) ("[R]egardless of the district court's jurisdiction over the Russian Federation, [the movant] could not invoke Rule 60(b) to void the judgments."). Rule 60(b)(4) motions, of course, frequently address the Court's jurisdiction. *See Espinosa*, 559 U.S. at 271 (Rule 60(b)(4) applies "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."). Nothing about *Chabad II* or *Chabad IV*, however, implies any exception to the plain language of Rule 60(b) that would permit a non-party to file such a motion challenging subject matter jurisdiction. To the contrary, there is every reason to construe Rule 60(b) consistent with its plain terms, as the district court did here, and be wary of judicially-created exceptions that would expand its reach. "Motions for reconsideration are generally disfavored and are considered an 'unusual measure.'" *Chabad I*, 2020 WL 13652608, at *1 (quoting *Cornish v. Dudas*, 813 F. Supp. 2d

19

147, 148 (D.D.C. 2011)). "Both the judiciary and the parties in proceedings before the courts have a strong interest in the orderly process of litigation and in the finality of judgments." *U.S. Indus., Inc. v. Blake Constr. Co.*, 765 F.2d 195, 209 (D.C. Cir. 1985). Rule 60 is already an exception to the finality of judgments, and there is nothing about this case that would suggest broadening that exception such that any non-party could attempt to disrupt a final judgment, at any time, by raising jurisdictional arguments. Such a practice would profoundly undermine the interests of courts, litigants, and the public in the finality of judgments.

Under limited circumstances, Rule 60(b) affords relief to a party or its legal representative. The NRA was neither, and the district court accordingly denied its motion, as it was required to do pursuant to the language of the rule and this Court's precedent. That decision should be summarily affirmed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the NRA's appeal or, in the alternative, summarily affirm the district court's order denying the NRA's Rule 60(b) motion.

Dated: July 11, 2025                    Respectfully submitted,

                                        */s/ Kevin P. Hancock*
                                        Adav Noti
                                        Kevin P. Hancock
                                        Daniel S. Lenz

20

Kunal Dixit
CAMPAIGN LEGAL CENTER ACTION
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200
anoti@campaignlegalcenter.org
khancock@campaignlegalcenter.org
dlenz@campaignlegalcenter.org
kdixit@campaignlegalcenter.org

*Counsel for Plaintiff-Appellee*

## CERTIFICATE OF COMPLIANCE

This brief complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 5,193 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This filing complies with the typeface requirements of Fed. R. App. P. 27(a)(5) and the type style requirements of Fed. R. App. P. 27(a)(6) because this brief has been prepared using Microsoft Office Word in Times New Roman 14-point font.

*/s/ Kevin P. Hancock*
Kevin P. Hancock

## CERTIFICATE OF SERVICE

I certify that on July 11, 2025, I electronically filed this brief with the Clerk of Court for the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system, thereby serving all persons required to be served.

*/s/ Kevin P. Hancock*
Kevin P. Hancock